## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYHEE HICKMAN and** | : | |
| **SHANAY BOLDEN, on behalf of** | : | |
| **themselves and others similarly situated,** | : | **CIVIL ACTION NO.** |
| | : | |
| | : | **CLASS/COLLECTIVE ACTION** |
| **Plaintiff,** | : | |
| **v.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **TL TRANSPORTATION, LLC,** | : | |
| | : | |
| **Defendant.** | : | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Tyhee Hickman ("Hickman") and Plaintiff Shanay Bolden ("Bolden") (collectively, "Plaintiffs"), through their undersigned counsel, individually, and on behalf of all persons similarly situated, file this Class and Collective Action Complaint against Defendant TL Transportation, LLC ("TLT" or "Defendant"), seeking all available remedies under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*, The Maryland Wage and Hour Law ("MWHL"), Maryland Code Annotated, Labor and Employment Article §§ 3-401, *et seq.*, and Pennsylvania common law.

Plaintiffs' FLSA claim is asserted as a collective action under FLSA Section 16(b), 29 U.S.C. § 216(b), while their PMWA, MWHL and common law claims are asserted as a class action under Federal Rule of Civil Procedure 23. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (FLSA collective action claims and Rule 23 class action claims may proceed together in same lawsuit).

## JURISDICTION AND VENUE

1.       Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C.

§ 1331.

2.      The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims because the state law claims derive from a common nucleus of operative facts.

3.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events rising over Plaintiff Hickman's claims occurred within this District, Defendant is incorporated in Pennsylvania, and Defendant conducts business in this District.

## PARTIES

4.      Plaintiff Tyhee Hickman is an individual residing in Philadelphia, Pennsylvania. Plaintiff Hickman works for Defendant as a Delivery Associate in Pennsylvania. Pursuant to 29 U.S.C. § 216(b). Plaintiff Hickman has consented to be a Plaintiff in this action. *See* Ex. A.

5.      Plaintiff Shanay Bolden is an individual residing in Columbia, Maryland. Plaintiff Bolden worked for Defendant as a Delivery Associate in Maryland between January 13, 2016 and July 19, 2016. Pursuant to 29 U.S.C. § 216(b). Plaintiff Bolden has consented to be a Plaintiff in this action. *See* Ex. B.

6.      Defendant TLT is a corporation that maintains its headquarters in Columbia, Maryland and is incorporated in Pennsylvania (PA Entity No. 6398653).

7. Defendant TLT "…provides drivers for clients on the East Coast, and throughout the MidAtlantic Region." TL Transportation Home Page, http://tltransportation.com/ (last visited Feb. 16, 2017). The drivers are known as a "Delivery Associate."

8.      The unlawful acts alleged in this Class Action and Collective Action Complaint were committed by Defendant and/or Defendant's officers, agents, employees, or representatives, while actively engaged in the management of Defendant's businesses or affairs and with the authorization of the Defendant.

9.    Plaintiffs are employees covered by the FLSA, the PMWA, and the MWHL.

10.    Defendant is an employer covered by the FLSA, the PMWA, and the MWHL.

11.    Defendant employs individuals, including Delivery Associates, in Virginia, Maryland, New Jersey, and Pennsylvania.

12.    Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person as required by 29 U.S.C. §§ 206-207.

13.    Defendant's annual gross volume of sales made or business done exceeds $500,000.

## CLASS DEFINITIONS

14.    Plaintiffs brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of themselves and the following class:

>    All current and former Delivery Associates employed by Defendant who performed work in the United States during the applicable limitations period (the "FLSA Class").

15.    Plaintiff Hickman brings Counts II and IV of this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and the following class:

>    All current and former Delivery Associates employed by Defendant who performed work in Pennsylvania during the applicable limitations period (the "Pennsylvania Class").

16.    Plaintiff Bolden brings Count III of this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and the following class:

>    All current and former Delivery Associates employed by Defendant who performed work in Maryland during the applicable limitations period (the "Maryland Class").

17.    The FLSA Class, Pennsylvania Class, and Maryland Class are together referred to as the "Classes."

18.    Plaintiffs reserve the right to redefine the Classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

19.    Defendant provides Delivery Associates to various clients, including Amazon.com.

20.    Defendant alleges that the Delivery Associates "…are the face of Amazon.com."

21.    Defendant does not offer paid sick, vacation, or personal leave.

22.    Plaintiff Hickman has been employed since November 2016 as a Delivery Associate in the Defendant's King of Prussia, Pennsylvania location delivering packages on behalf of Amazon.com intrastate.

23.    Defendant's King of Prussia, Pennsylvania location is located within an Amazon.com fulfillment center.

24.    Defendant provides Plaintiff Hickman with a company-owned vehicle.

25.    The company-owned vehicle weighs less than 10,000 pounds.

26.    Plaintiff Hickman was also provided and required to wear an Amazon shirt, Amazon cap, and an Amazon jacket.

27.    Plaintiff Hickman was also provided an Amazon "Rabbit," a handheld device that provides the addresses of Amazon.com customers. Amazon.com' "Rabbit" is also used for navigation assistance, package scanning, and as a phone.

28.    Plaintiff Hickman is paid a flat rate of $152.00 a day regardless of how many hours he actually works.

29.    Plaintiff Hickman is regularly scheduled to work four (4) to five (5) days a week and each shift is alleged to be for ten (10) hours. However, Plaintiff Hickman regularly works more than forty (40) hours a week as described more fully below.

30.     Plaintiff Hickman delivers between 165-200 Amazon.com packages per shift.

31.     Plaintiff Hickman is not provided a lunch break. Accordingly, Plaintiff Hickman routinely works through his lunch without extra pay and he is unable to take short breaks due to the high volume of deliveries. Plaintiff Hickman observes other Class Members routinely work similar schedules. Defendant is aware of and permit this practice.

32.     Plaintiff Bolden was employed from January 13, 2016 through July 19, 2016 as a Delivery Associate in the Defendant's Lansdowne, Maryland location delivering packages on behalf of Amazon.com intrastate.

33.     Defendant's Lansdowne, Maryland location is located within an Amazon.com fulfillment center.

34.     Defendant provided Plaintiff Bolden with a company owned vehicle.

35.     The vehicle weighs less than 10,000 pounds.

36.     Plaintiff Bolden was also provided and required to wear an Amazon shirt, Amazon cap, and an Amazon jacket.

37.     Plaintiff Bolden also was provided an Amazon.com "Rabbit," a handheld device that provided the addresses of Amazon.com customers. Amazon.com's "Rabbit" is also used for navigation assistance, package scanning, and as a phone.

38.     Plaintiff Bolden was paid a flat rate of $160.00 a day regardless of how many hours she actually worked.

39.     Plaintiff Bolden was regularly scheduled to work four (4) to five (5) days per week and each shift was alleged to be for ten (10) hours. However, Plaintiff Bolden regularly worked more than forty (40) hours a week as described more fully below.

40.     Plaintiff Bolden delivered between 140-200 Amazon.com packages per shift.

41.     Plaintiff Bolden was not provided a lunch break. Accordingly, Plaintiff Bolden routinely worked through her lunch without extra pay and she was unable to take short breaks due to the high volume of deliveries. Plaintiff Bolden observed other Class Members routinely worked similar schedules. Defendant was aware of and permitted this practice.

42.     Based on information and belief, during the time period relevant to this lawsuit, Defendant has employed over 100 individuals under the Delivery Associate job title.

43.     Plaintiffs and other Delivery Associates regularly work over 40 hours per week. For example, it is not unusual for Plaintiff Hickman to work between 42 and 52 hours in a week.

44.     Plaintiff Bolden worked between 42 and 52 hours in a week.

45.     Defendant pays Plaintiffs and Class Members pursuant to the same unlawful day rate pay policy, without paying overtime for work performed more than forty hours per week.

46.     Defendant attempts to characterize the day rate payment that it pays to Plaintiffs and Class Members as hourly plus overtime, but it does so in a manner that does not comply with the FLSA, or with Pennsylvania or Maryland state law.  Specifically, Defendant states that the per day pay is "based on 8 hrs regular and 2 hours overtime."  Yet Defendant pays Plaintiffs and Class Members their flat sum for days that they work regardless of the number of hours worked. *See* 29 C.F.R. § 778.112 ("If the employee is paid a flat sum for a day's work … without regard to the number of hours worked in the day or at the job … [h]e is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek.").

47.     Additionally, the purported "overtime pay" is not actually overtime compensation pursuant to the FLSA, Pennsylvania or Maryland law, as it is payable for hours worked within the basic or normal workday and without regard to whether the hours are in excess of 40 hours per week.  Plaintiffs and the Class are in actual fact compensated on a daily rate pay basis, and yet are

not paid overtime as required by the law. *See, e.g.,* 29 C.F.R. § 778.310.

48.     Defendant also failed to make, keep and preserve records with respect to Plaintiffs and the FLSA Class, Pennsylvania Class, and Maryland Class sufficient to determine their wages, hours and other conditions of employment.

49.     Even though the FLSA, the PMWA, and MWHL entitle day-rate and hourly employees to extra overtime premium compensation for hours worked over 40 per week, *see*, e.g., 29 C.F.R. § 778.112; 34 Pa. Code § 231.43(b); MWHL, §§ 3-401, *et seq*, Defendant does not pay Plaintiffs and other Delivery Associates any extra overtime premium compensation for their overtime hours.

50.     By failing to pay the overtime premium to Plaintiffs and other Delivery Associates, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA, PMWA, and MWHL provisions.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

51.     Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class defined above.

52.     Plaintiffs desire to pursue their FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

53.     Plaintiffs and the FLSA Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's previously described common pay practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation, timekeeping and payroll practices.

54. Specifically, Defendant failed to pay overtime at time and a half (1 ½) the employee's regular rate as required by the FLSA for hours worked in excess of forty (40) per workweek.

55. The similarly situated employees are known to Defendant and are readily identifiable and may be located through Defendant's records and the records of any payroll companies Defendant utilizes.

56. Defendant employs many FLSA Class Members throughout the United States. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

57. Plaintiffs bring this action as a class action pursuant to FED. R. CIV. P. 23 on behalf of themselves and the Pennsylvania Class and Maryland Class as defined above.

58. The members of the Pennsylvania Class and Maryland Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than fifty (50) members of the Pennsylvania Class and Maryland Class.

59. Plaintiffs will fairly and adequately represent and protect the interests of the Pennsylvania Class and Maryland Class because there is no conflict between the claims of Plaintiffs and those of the Pennsylvania Class and Maryland Class, and Plaintiffs' claims are typical of the claims of the Pennsylvania Class and Maryland Class. Plaintiffs' counsel is competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

60.     There are questions of law and fact common to the proposed Pennsylvania Class and Maryland Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether Defendant violated and continues to violate Pennsylvania and Maryland law through its policy or practice of not paying its Delivery Associates for all hours worked and overtime compensation.

61.     Plaintiffs' claims are typical of the claims of the Pennsylvania Class and Maryland Class in the following ways, without limitation:  (a) Plaintiffs are members of the Pennsylvania Class and Maryland Class; (b) Plaintiffs' claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Pennsylvania Class and Maryland Class; (c) Plaintiffs' claims are based on the same legal and remedial theories as those of the Pennsylvania Class and Maryland Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiffs and the Pennsylvania Class and Maryland Class; and (e) the injuries suffered by Plaintiffs are similar to the injuries suffered by the Pennsylvania Class and Maryland Class members.

62.     Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class and Maryland Class predominate over any questions affecting only individual Class members.

63.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair

and efficient adjudication of this controversy. The Pennsylvania Class and Maryland Class is readily identifiable from Defendant's own employment records. Prosecution of separate actions by individual members of the Pennsylvania Class and Maryland Class would create the risk of inconsistent or varying adjudications with respect to individual Pennsylvania Class and Maryland Class members that would establish incompatible standards of conduct for Defendant.

64. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Pennsylvania Class and Maryland Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

65. Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiffs and the Pennsylvania Class and Maryland Class. Plaintiffs envision no difficulty in the management of this action as a class action.

## COUNT I
### Violation of the FLSA
### (On Behalf of Plaintiffs and the FLSA Class)

66. All previous paragraphs are incorporated as though fully set forth herein.

67. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

68. Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).

69. At all relevant times, Defendant is an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

70.     During all relevant times, Plaintiffs and the FLSA Class are covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

71.     Plaintiffs and the FLSA Class are not exempt from the requirements of the FLSA. Plaintiffs and the FLSA Class are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

72.     Defendant's compensation scheme applicable to Plaintiffs and the FLSA Class failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

73.     Defendant knowingly failed to compensate Plaintiffs and the FLSA Class at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

74.     Defendant also failed to make, keep and preserve records with respect to Plaintiffs and the FLSA Class sufficient to determine their wages, hours and other conditions of employment in violation of the FLSA, 29 U.S.C.A. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

75.     In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

### COUNT II
### Violation of the Pennsylvania Minimum Wage Act
### (On Behalf Plaintiff Hickman and the Pennsylvania Class)

76.     All previous paragraphs are incorporated as though fully set forth herein.

77.     The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked. *See* 43 P.S. § 333.104(a) and 34 PA. CODE § 231.21(b).

78.     The PMWA also requires that covered employees be compensated for all hours

11

worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular hourly rate at which he is employed. *See* 43 P.S. § 333.104(c) and 34 PA. CODE § 231.41.

79. Defendant is subject to the overtime requirements of the PMWA because Defendant is an employer under 43 P.S. § 333.103(g).

80. Plaintiff Hickman and the Pennsylvania Class are not exempt from the PMWA.

81. During all relevant times, Plaintiff Hickman and the Pennsylvania Class were covered employees entitled to the above-described PMWA's protections. *See* 43 P.S. § 333.103(h).

82. Defendant's compensation scheme that is applicable to Plaintiff Hickman and the Pennsylvania Class failed to comply with 43 P.S. §§ 333.104(a) and (c), 34 PA. CODE §§ 231.1(b) and 43(b).

83. Defendant failed to compensate Plaintiff Hickman and the Pennsylvania Class for all hours worked. *See* 34 PA. CODE § 231.41(b).

84. Defendant failed to compensate Plaintiff Hickman and the Pennsylvania Class at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 43 P.S. § 333.104(c) and 34 PA. CODE § 231.41.

85. Pursuant 43 P.S. § 333.113, employers, such as the Defendant, who fail to pay an employee wages in conformance with the PMWA shall be liable to the employee for the wages or expenses that were not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

## COUNT III
### Violation of the Maryland Wage and Hour Law
### (On Behalf Plaintiff Bolden and the Maryland Class)

86.     All previous paragraphs are incorporated as though fully set forth herein.

87.     The Maryland Wage and Hour Law ("MWHL") requires that covered employees be compensated for all hours worked.

88.     The MWHL also requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular hourly rate at which he is employed. *See* MWHL, §§ 3-415, 420.

89.     Plaintiff Bolden and the Maryland Class are not exempt from the MWHL.

90.     Defendant is subject to the overtime requirements of the MWHL because Defendant is an employer under MHWL, § 3-401.

91.     During all relevant times, Plaintiff Bolden and the Maryland Class were covered employees entitled to the above-described MHWL's protections pursuant to MHWL, § 3-401.

92.     Defendant failed to compensate Plaintiff Bolden and the Maryland Class for all hours worked.

93.     Defendant failed to compensate Plaintiff Bolden and the Class at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of the MHWL.

94.     Defendant's violations of the MWHL were repeated, willful, intentional, and in bad faith.

95.     Pursuant to MHWL, § 3-427, employers, such as Defendant, who fail to pay an employee wages in conformance with the MWHL shall be liable to the employee for the wages or expenses that were not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

## COUNT IV
### Unjust Enrichment

**(On Behalf of the Plaintiff Hickman and the Pennsylvania Class)**

96.     All previous paragraphs are incorporated as though fully set forth herein.

97.     Defendant has received and benefited from the uncompensated labors of Plaintiff Hickman and the Pennsylvania Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

98.     At all relevant times hereto, Defendant devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff Hickman and the Pennsylvania Class without properly paying compensation for all hours worked including overtime compensation.

99.     Contrary to all good faith and fair dealing, Defendant induced Plaintiff Hickman and the Pennsylvania Class to perform work while failing to properly compensate for all hours worked as required by law including overtime compensation.

100.     By reason of having secured the work and efforts of Plaintiff Hickman and the Pennsylvania Class without proper compensation as required by law, Defendant enjoyed reduced overhead with respect to its labor costs and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff Hickman and the Pennsylvania Class. Defendant retained and continues to retain such benefits contrary to the fundamental principles of justice, equity and good conscience.

101.     Accordingly, Plaintiff Hickman and the Pennsylvania Class are entitled to judgment in an amount equal to the benefits unjustly retained by the Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief on behalf of themselves and all others similarly situated:

        a.  An order permitting this litigation to proceed as an FLSA collective action

pursuant to 29 U.S.C. § 216(b);

b.  Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class members;

c.  An order permitting this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23 on behalf of the Pennsylvania and Maryland Classes;

d.  Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

e.  Liquidated damages to the fullest extent permitted under the law;

f.  Litigation costs, expenses and attorneys' fees to the fullest extent permitted under the law; and

g.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury for all issues of fact.

Dated: March 7, 2017

Respectfully submitted,

BERGER & MONTAGUE, P.C.

Sarah R. Schalman-Bergen (PA 206211)
Camille Fundora (PA 312533)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
sschalman-bergen@bm.net
cfundora@bm.net

Ryan Allen Hancock (PA 92590)
Bruce Ludwig (PA 23251)
Willig, Williams & Davidson
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
Telephone: (215) 656-3600

Facsimile: (215) 567-2310
rhancock@wwdlaw.com
bludwig@wwdlaw.com

*Attorneys for Plaintiffs*
*and the Proposed Classes*