# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYHEE HICKMAN and SHANAY BOLDEN,<br><br>Plaintiffs,<br><br>v.<br><br>TL TRANSPORTATION, LLC, SCOTT FOREMAN, HERSCHEL LOWE, AMAZON.COM, LLC, and AMAZON LOGISTICS, INC.,<br><br>Defendants. | Civil Action No. 2:17-cv-01038-GAM<br><br>**DEFENDANTS AMAZON.COM, LLC AND AMAZON LOGISTICS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendants Amazon.com, LLC and Amazon Logistics, Inc. (collectively "Amazon"), by and through their attorneys, Morgan, Lewis & Bockius LLP, hereby respond to the First Amended Class and Collective Action Complaint (the "Complaint") of Plaintiffs Tyhee Hickman ("Hickman") and Shanay Bolden ("Bolden") (collectively "Plaintiffs").

As to Plaintiffs' unnumbered preamble, Amazon answers that the allegations contained therein constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, Amazon denies that Plaintiffs are entitled to any relief requested from any Amazon entity under the statutes identified.

## JURISDICTION AND VENUE

1. The allegations contained in paragraph 1 of the Complaint constitute conclusions of law to which no responsive pleading is required.

2. The allegations contained in paragraph 2 of the Complaint constitute conclusions of law to which no responsive pleading is required.

3. Amazon admits that it conducts business within this District. Amazon denies that Amazon.com LLC and Amazon Logistics, Inc. are organized and incorporated in Pennsylvania. The assertion that "Venue in this Court is proper" constitutes a conclusion of law to which no responsive pleading is required. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 3 of the Complaint and therefore denies those allegations.

## PARTIES

4. Amazon denies that it employed Plaintiff Hickman. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 4 of the Complaint and therefore denies those allegations, except that Amazon admits that Hickman filed a consent form on the docket.

5. Amazon denies that it employed Plaintiff Bolden. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of the Complaint and therefore denies those allegations, except that Amazon admits that Bolden filed a consent form on the docket.

6. Except to admit that Defendant TL Transportation, LLC ("TLT") purports to be a limited liability company and that it employs drivers known as "Delivery Associates," Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6 of the Complaint and therefore denies those allegations.

7. Except to admit that Defendant Scott Foreman ("Foreman") is an adult individual, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 7 of the Complaint and therefore denies those allegations.

8. Except to admit that Defendant Hershel Lowe ("Lowe") is an adult individual, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 8 of the Complaint and therefore denies those allegations.

9. Except to admit that Amazon.com LLC is a limited liability company with its principal offices in Seattle, Washington, Amazon denies the allegations set forth in paragraph 9 of the Complaint. By way of further answer, Amazon.com, LLC is not organized under the laws of Pennsylvania and it is unknown on what basis Plaintiffs could so claim.

10. Except to admit that Amazon Logistics, Inc. has its principal offices in Seattle, Washington, Amazon denies the allegations set forth in paragraph 10 of the Complaint. By way of further answer, Amazon Logistics, Inc. is not organized under the laws of Pennsylvania and it is unknown on what basis Plaintiffs could so claim.

11. Amazon denies the allegations set forth in paragraph 11 of the Complaint to the extent they pertain to Amazon. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint to the extent they pertain to other Defendants and therefore denies those allegations.

12. Amazon denies the allegations set forth in paragraph 12 of the Complaint to the extent they pertain to Amazon and specifically denies that Amazon was Plaintiffs' employer. The allegation that Plaintiffs were covered by the FLSA, PMWA, and the MWHL is a conclusion of law to which no response is required.

13. Amazon denies the allegations set forth in paragraph 13 of the Complaint to the extent they pertain to Amazon and specifically denies that Amazon was Plaintiffs' employer.

14. Amazon denies that it employed Delivery Associates in any states and, therefore, it denies the allegations of paragraph 14 of the Complaint.

15. The allegations contained in paragraph 15 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, it is denied.

16. Admitted as to Amazon.

## CLASS DEFINITIONS

17. Amazon admits that Plaintiffs seek relief on behalf of themselves and other individuals as described in paragraph 17 of the Complaint, but denies that Plaintiffs are entitled to any such relief as from Amazon.

18. Amazon admits that Plaintiff Hickman seeks relief on behalf of herself and other individuals as described in paragraph 18 of the Complaint, but denies that Plaintiffs are entitled to any such relief as from Amazon.

19. Amazon admits that Plaintiff Bolden seeks relief on behalf of herself and other individual as described in paragraph 19 of the Complaint, but denies that Plaintiffs are entitled to any such relief as from Amazon.

20. Amazon admits that Plaintiffs purport to attempt to assert claims as "Classes," but denies that any such class should be certified as against Amazon.

21. The allegations contained in Paragraph 21 of the Complaint constitute conclusions of law to which no responsive pleading is required.

## FACTS

22. Amazon admits that Defendant TLT provides delivery services to Amazon customers, but Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 22 of the Complaint as they pertain to other Defendants and therefore denies those allegations.

23. Admitted, except that the allegations regarding what *Forbes* has estimated purports to characterize a writing that speaks for itself and to which no response is required.

24. Amazon admits that TLT is a local delivery provider that employs drivers who make deliveries to Amazon customers. Amazon denies the remaining allegations set forth in paragraph 24 of the Complaint.

25. The allegations of paragraph 25 purport to characterize a writing that speaks for itself and, therefore, no responsive pleading is required. To the extent that the allegations of this paragraph misconstrue, mischaracterize, or misstate the content of that document, they are expressly denied.

26. The allegations of paragraph 26 purport to characterize a writing that speaks for itself and, therefore, no responsive pleading is required. To the extent that the allegations of this paragraph misconstrue, mischaracterize, or misstate the content of that document, they are expressly denied.

27. The allegations of paragraph 27 purport to characterize a writing that speaks for itself and, therefore, no responsive pleading is required. To the extent that the allegations of this paragraph misconstrue, mischaracterize, or misstate the content of that document, they are expressly denied.

28. The allegations of paragraph 28 purport to characterize a writing that speaks for itself and, therefore, no responsive pleading is required. To the extent that the allegations of this paragraph misconstrue, mischaracterize, or misstate the content of that document, they are expressly denied.

29. The allegations of paragraph 29 purport to characterize a writing that speaks for itself and, therefore, no responsive pleading is required. To the extent that the allegations of this paragraph misconstrue, mischaracterize, or misstate the content of that document, they are expressly denied.

30. The allegations of paragraph 30 purport to characterize a writing that speaks for itself and, therefore, no responsive pleading is required. To the extent that the allegations of this paragraph misconstrue, mischaracterize, or misstate the content of that document, they are expressly denied. Amazon admits that it has paid TLT pursuant to its Delivery Provider Terms of Service contract.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. The allegations of paragraph 36 purport to characterize a writing that speaks for itself and, therefore, no responsive pleading is required. To the extent that the allegations of this paragraph misconstrue, mischaracterize, or misstate the content of that document, they are expressly denied.

37. Denied, except to admit that at times Amazon made available some training to TLT Delivery Associates, but TLT Delivery Associates also receive training directly by TLT.

38. Denied, except to admit that at times Amazon made available some training to TLT Delivery Associates including relating to Amazon practices and the "Rabbit," but TLT Delivery Associates also receive training directly by TLT.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied as stated. Amazon merely identifies the packages that require delivery to its customers, but it does not "set the delivery route of each Delivery Associate."

45. Amazon admits that a Delivery Associate may call Amazon if it has trouble with the delivery of a package. Amazon denies the remaining allegations of paragraph 45 of the Complaint.

46. Denied.

47. Denied as stated. By way of further answer, Amazon does keep track of whether Delivery Service Providers have fulfilled their contractual obligation to make deliveries to Amazon customers in accordance with the commitments made to those customers, but Amazon does not "track and control the collection and dissemination of the Delivery Associate's job performance," whatever that may mean.

48. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint as they pertain to Plaintiff Hickman. Amazon admits that it has recommended to TLT that certain Delivery Associates receive retraining, but denies the remaining allegations set forth in paragraph 48.

49. Admitted.

50. Amazon admits that TLT Delivery Associates use vehicles provided by TLT. The remaining allegations of paragraph 50 purport to characterize a writing that speaks for itself and, therefore, no responsive pleading is required. To the extent that the allegations of this paragraph misconstrue, mischaracterize, or misstate the content of that document, they are expressly denied.

51. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint and therefore denies these allegations.

52. Amazon denies that it provides or requires TLT Delivery Associates to wear clothing with an Amazon logo. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 52 of the Complaint and therefore denies these allegations.

53. Amazon admits that TLT and its Delivery Associates use "Rabbit" devices, which display the addresses to which, and times at which, customers selected and/or paid for delivery of their packages. Amazon admits a Rabbit is used to scan package labels and it can be used to make and receive phone calls or for GPS navigation, but Amazon lacks knowledge or information sufficient to form a belief as to whether each Delivery Associate uses the Rabbit's GPS capability for navigation or uses another form of navigation, if any, to deliver each package. By way of further response, Amazon denies that the purpose of a Rabbit is to allow Amazon to contact and

track a Delivery Associate's "movement and work progress." The Rabbit records delivery information, such as the fact of and time of delivery. The remaining allegations in paragraph 53 of the Complaint are denied.

54. Amazon lacks knowledge or information sufficient to understand to what Plaintiffs refer when they aver that Amazon has "direct access to the 'Rabbit' devices" and, for this reason, deny the allegations of paragraph 54 of the Complaint.

55. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Complaint and therefore denies these allegations.

56. Amazon avers that after reasonable investigation, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Complaint and therefore denies these allegations.

57. Amazon denies that it was aware of or permitted any practice requiring employees of Defendant TLT to not be provided lunch breaks. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 57 of the Complaint and therefore denies these allegations.

58. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Complaint and therefore denies these allegations. By way of further explanation, Amazon was not Plaintiffs' employer and did not control Plaintiffs' rate of pay.

59. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 59 of the Complaint and therefore denies these allegations.

60. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint and therefore denies these allegations.

61. Amazon denies the allegations set forth in paragraph 61 of the Complaint to the extent they pertain to Amazon. By way of further answer, Amazon does not employ or pay Delivery Associates, Plaintiffs or other putative Class Members. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 61 of the Complaint to the extent they pertain to other Defendants and therefore denies these allegations.

62. Amazon denies the allegations set forth in paragraph 62 of the Complaint to the extent they pertain to Amazon. By way of further answer, Amazon does not employ or pay Plaintiffs. The remaining allegations constitute conclusions of law to which no responsive pleading is required.

63. The allegations contained in paragraph 63 of the Complaint constitute conclusions of law to which no responsive pleading is required.

64. The allegations contained in paragraph 64 of the Complaint constitute conclusions of law to which no responsive pleading is required.

65. Amazon denies the allegations set forth in paragraph 65 of the Complaint to the extent they pertain to Amazon. By way of further answer, Amazon does not employ or pay Plaintiffs. The remaining allegations contained in paragraph 65 of the Complaint constitute conclusions of law to which no responsive pleading is required

66. Amazon admits that it knew that Plaintiffs were not exempt from minimum wage and overtime entitlement, but, to its knowledge, denies that any employer (of which Amazon is

not one) ever misclassified Plaintiffs as exempt from minimum wage and overtime. By way of further answer, Amazon understands that it is TLT's position that it lawfully compensated Plaintiffs.

67. Denied.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

68. Amazon admits that Plaintiffs assert claims on behalf of a putative FLSA class, but the remaining allegations constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Amazon denies the allegations of paragraph 68 of the Complaint.

69. Amazon admits that Plaintiffs seek to pursue their FLSA action on behalf of person who opt-into this case, but the remaining allegations constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Amazon denies the allegations of paragraph 69 of the Complaint.

70. The allegations of paragraph 70 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Amazon denies the allegations of paragraph 70 of the Complaint.

71. Denied as to Amazon. The remaining allegations of paragraph 71 of the Complaint constitute conclusions of law to which no responsive pleading is required.

72. Denied as to Amazon. The remaining allegations of paragraph 72 of the Complaint constitute conclusions of law to which no responsive pleading is required.

73. Denied as to Amazon. The remaining allegations of paragraph 73 of the Complaint constitute conclusions of law to which no responsive pleading is required.

## CLASS ACTION ALLEGATIONS

74. The allegations contained in paragraph 74 of the Complaint constitute conclusions of law to which no responsive pleading is required.

75. The allegations contained in paragraph 75 of the Complaint constitute conclusions of law to which no responsive pleading is required.

76. The allegations contained in paragraph 76 of the Complaint constitute conclusions of law to which no responsive pleading is required.

77. The allegations contained in paragraph 77 of the Complaint constitute conclusions of law to which no responsive pleading is required.

78. The allegations contained in paragraph 78 of the Complaint constitute conclusions of law to which no responsive pleading is required.

79. The allegations contained in paragraph 79 of the Complaint constitute conclusions of law to which no responsive pleading is required.

80. The allegations contained in paragraph 80 of the Complaint constitute conclusions of law to which no responsive pleading is required.

81. The allegations contained in paragraph 81 of the Complaint constitute conclusions of law to which no responsive pleading is required.

82. Denied.

## COUNT I
## Violations of the FLSA
## (On Behalf of Plaintiffs and the FLSA Class)

83. Amazon incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

84. The allegations contained in paragraph 84 of the Complaint constitute conclusions of law to which no responsive pleading is required.

85. Denied as to Amazon.

86. Denied as to Amazon.

87. The allegations contained in paragraph 87 of the Complaint constitute conclusions of law to which no responsive pleading is required.

88. The allegations contained in paragraph 88 of the Complaint constitute conclusions of law to which no responsive pleading is required.

89. Denied as to Amazon, which did not employ Plaintiffs. The remaining allegations contained in paragraph 89 of the Complaint constitute conclusions of law to which no responsive pleading is required.

90. Denied as to Amazon, which did not employ Plaintiffs. The remaining allegations contained in paragraph 90 of the Complaint constitute conclusions of law to which no responsive pleading is required.

91. Denied as to Amazon, which did not employ Plaintiffs. The remaining allegations contained in paragraph 91 of the Complaint constitute conclusions of law to which no responsive pleading is required.

92. Denied.

### COUNT II
### Violation of the Pennsylvania Minimum Wage Act
### (On Behalf Plaintiff Hickman and the Pennsylvania Class)

93. Amazon incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

94. The allegations contained in paragraph 94 of the Complaint constitute conclusions of law to which no responsive pleading is required.

95. The allegations contained in paragraph 95 of the Complaint constitute conclusions of law to which no responsive pleading is required.

96. Amazon denies the allegations in paragraph 96 of the Complaint.

97. The allegations contained in paragraph 97 of the Complaint constitute conclusions of law to which no responsive pleading is required.

98. The allegations contained in paragraph 98 of the Complaint constitute conclusions of law to which no responsive pleading is required.

99. Denied as to Amazon, which did not employ Plaintiffs. The remaining allegations contained in paragraph 99 of the Complaint constitute conclusions of law to which no responsive pleading is required.

100. Denied as to Amazon, which did not employ Plaintiffs. The remaining allegations contained in paragraph 100 of the Complaint constitute conclusions of law to which no responsive pleading is required.

101. Denied as to Amazon, which did not employ Plaintiffs. The remaining allegations contained in paragraph 101 of the Complaint constitute conclusions of law to which no responsive pleading is required.

102. Denied as to Amazon, which did not employ Plaintiffs. The remaining allegations contained in paragraph 102 of the Complaint constitute conclusions of law to which no responsive pleading is required.

## COUNT III
## Violation of the Maryland Wage and Hour Law
## (On Behalf Plaintiff Bolden and the Maryland Class)

103. Amazon incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

104. The allegations contained in paragraph 104 of the Complaint constitute conclusions of law to which no responsive pleading is required.

105. The allegations contained in paragraph 105 of the Complaint constitute conclusions of law to which no responsive pleading is required.

106. The allegations contained in paragraph 106 of the Complaint constitute conclusions of law to which no responsive pleading is required.

107. Denied as to Amazon, which did not employ Plaintiffs. The remaining allegations contained in paragraph 107 of the Complaint constitute conclusions of law to which no responsive pleading is required.

108. The allegations contained in paragraph 108 of the Complaint constitute conclusions of law to which no responsive pleading is required.

109. Denied as to Amazon, which did not employ Plaintiffs. The remaining allegations contained in paragraph 109 of the Complaint constitute conclusions of law to which no responsive pleading is required.

110. Denied as to Amazon, which did not employ Plaintiffs. The remaining allegations contained in paragraph 110 of the Complaint constitute conclusions of law to which no responsive pleading is required.

111. Denied as to Amazon, which did not employ Plaintiffs. The remaining allegations contained in paragraph 111 of the Complaint constitute conclusions of law to which no responsive pleading is required.

112. Denied as to Amazon, which did not employ Plaintiffs. The remaining allegations contained in paragraph 112 of the Complaint constitute conclusions of law to which no responsive pleading is required.

## COUNT IV
## Unjust Enrichment
## (On Behalf of Plaintiff Hickman and the Pennsylvania Class)

113. Amazon incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

## GENERAL DENIAL

Amazon denies each and every allegation in Plaintiffs' First Amended Complaint that is not expressly admitted in this Answer.

## SEPARATE DEFENSES

At this time, Amazon asserts the following Separate Defenses to the Complaint without conceding that Amazon bears the burden of proof as to any of them:

1. Plaintiffs' claims fail as to Amazon because they were not employed by Amazon.

2. Subject to proof through discovery, Plaintiffs' claims and/or the claims of some or all of the others they seek to represent are barred, in whole or in part, to the extent such claims have been waived, discharged, abandoned, and/or released.

3. Any alleged liability, which Amazon denies exists, is attributable only proportionally to Amazon, and such alleged liability, if any which Amazon denies, is proportionally attributable to a party or parties other than Amazon.

4. Plaintiffs' claims and the claims of others they seek to represent are barred because any damages, losses, or liability that Plaintiffs have alleged if they exist at all, were proximately caused or contributed by the conduct of others, not Amazon.

5. To the extent of any liability (which is denied), Amazon is entitled to a set-off for amounts already paid in wages to which the Plaintiffs or purported class members were not entitled, including without limitation payment for hours during which they were not working.

6. Plaintiffs' claims and/or claims of some or all of the others they seek to represent, are barred, in whole or in part, because their alleged activity was preliminary, postliminary, and/or *de minimis* and therefore not compensable.

7. To the extent during the course of this litigation Amazon acquires any evidence of wrongdoing by Plaintiffs or others they seek to represent, and the wrongdoing would have materially affected their claims, such after-acquired evidence shall bar Plaintiffs' or other putative class member's claims or shall reduce such claims or damages as provided by law.

8. If Amazon's failure to pay overtime to Plaintiffs and/or some or all of the individuals they purport to represent is deemed to be unlawful, although such is denied, Amazon had a good faith and reasonable belief that the failure to pay such wages was not unlawful such

that an award of liquidated damages would be improper under 29 U.S.C. § 260 and other applicable laws.

9. The claims of Plaintiffs and/or some or all of the individuals they purport to represent are barred as to all hours allegedly worked of which Amazon lacked actual or constructive knowledge.

10. The claims of Plaintiffs and/or some or all of the individuals they purport to represent, are barred, in whole or in part, to the extent they violated policies and guidelines or disregarded her/their supervisors' or managers' instructions.

11. Plaintiffs' claims are improperly joined together in this action.

**WHEREFORE,** Amazon demands: (1) that Plaintiffs take nothing by this action; (2) that judgment be entered in favor of Amazon and against Plaintiffs on all purported causes of action; (3) that Amazon be awarded its costs of suit herein incurred; and (4) that the Court award Amazon such other and further relief as it deems proper.

Dated: March 2, 2018

Respectfully submitted,

s/   James P. Walsh, Jr.
Richard G. Rosenblatt, Esq.
James P. Walsh, Jr., Esq.
Justin K. Victor, Esq.
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
215-963-5511/5361
richard.rosenblatt@morganlewis.com
james.walsh@morganlewis.com
justin.victor@morganlewis.com

Attorneys for Amazon.com, LLC  and Amazon Logistics, Inc.

# CERTIFICATE OF SERVICE

       I hereby certify that on March 2, 2018, I caused to be served a true and correct copy of the forgoing Defendants Amazon.com, LLC, and Amazon Logistics, Inc.'s Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint to be filed using the Court's CM/ECF system, which caused a copy of the same to be served via CM/ECF upon the following:

Shannon J. Carson
Sarah R. Schalman-Bergen
Lane L. Vines
Camille Fundora
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel.: 215-875-3000
Fax: 215-875-4604
scarson@bm.net
sschalman-bergen@bm.net
lvines@bm.net
cfundora@bm.net

Ryan Allen Hancock
Bruce M. Ludwig
WILLIG, WILLIAMS & DAVIDSON
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
Tel.: 215-656-3600
Fax: 215-567-2310
rhancock@wwdlaw.com
bludwig@wwdlaw.com

*Attorneys for Plaintiffs Tyhee Hickman and Shanay Bolden*

Jason A. Cabrera
Jeffrey I. Pasek
COZEN O'CONNOR
1640 Market Street
Philadelphia, PA 19103
Tel.: 215-665-7267/2072
Fax: 215-701-2072

*Attorneys for Defendant TL Transportation, LLC*

                                              s/James P. Walsh, Jr.
                                              James P. Walsh, Jr.