1622 LOCUST STREET    |    PHILADELPHIA, PA  19103-6305    |    PHONE: 215/875-3000    |    FAX: 215/875-4604    |    WWW.BERGERMONTAGUE.COM



**Sarah R. Schalman-Bergen**

WRITER'S DIRECT DIAL | 215/875-3053

WRITER'S DIRECT FAX | 215/875-4604

WRITER'S DIRECT E-MAIL | Sschalman-bergen@bm.net

July 27, 2018

**VIA ECF**

Hon. Gerald A. McHugh
Room 9613
United States Courthouse
601 Market Street
Philadelphia, PA 19106

Dear Judge McHugh:

    Re:   *Hickman v. TL Transportation*, LLC, No. 2:17-cv-01038-GAM

    Plaintiffs write regarding TL Transportation, LLC's ("TLT") Supplemental Memorandum of Law In Opposition to Plaintiffs' Motion for Partial Summary Judgment. (Dkt. 74.) In its brief, TLT raised an extended argument that the Court lacks personal jurisdiction and proper venue over TLT with respect to Ms. Bolden's claims, but noted that it "is not affirmatively seeking summary judgment in its favor on these issues," and that TLT may later "waive or recede" from these challenges. *Id.* at 3-6, 3 n.1.

    Plaintiffs previously addressed TLT's similar arguments in prior briefing, including that these potential defenses have no bearing on the issue to be decided. *See* Dkt. 53 at 9-10. Because TLT is not affirmatively seeking to dismiss Plaintiff Bolden's claims on jurisdictional grounds, the Court should not *sua sponte* reach the merits of the jurisdictional issues. *See Fagan v. Pelayo*, No. 13-5902, 2015 WL 4243480, *1 (E.D. Pa. Jul. 14, 2015) (McHugh, J.) (quoting *Jasper v. Bexar Cnty. Adult Det. Ctr.*, 332 F. App'x 718, 719 (3d Cir. 2009)) ("because personal jurisdiction may be conferred by consent of the parties ... a court may not *sua sponte* dismiss for want of personal jurisdiction."). To the extent considers these arguments as potential defenses to the merits issue of the summary judgment issue to be decided, *i.e.* whether TLT's pay plan violates the law, Plaintiffs rest on their prior briefing.

If the Court is inclined to construe TLT's argument as a request to decide this personal jurisdiction or venue issue on the merits, however, Plaintiffs respectfully request permission to submit additional briefing on the *merits* of the jurisdictional issues, including that TLT waived personal jurisdiction and venue by proceeding in this Court since the litigation was filed close to a year and a half ago, in March 2017.  *See In re: Asbestos Prods. Liability Litig.*, 661 Fed. Appx. 173, 177, 1779 (3d Cir. 2016)  ("A party is deemed to have consented to personal jurisdiction, and thereby waived it as a defense, if that party "actually litigates the underlying merits or demonstrates a willingness to engage in extensive litigation in the forum," notwithstanding that it may have purported to preserve those defenses in its pleadings. (quoting *In re Tex. E. Transmission Corp. PCB Contamination Ins. Coverage Litig.*, 15 F.3d 1230, 1236 (3d Cir. 1994)).

        Respectfully submitted,

        BERGER & MONTAGUE, P.C.

        _/s_ Sarah R. Schalman-Bergen_____
        Shanon J. Carson
        Sarah R. Schalman-Bergen
        Camille Fundora
        BERGER & MONTAGUE, P.C.
        1622 Locust Street
        Philadelphia, PA  19103
        Telephone: (215) 875-3000
        scarson@bm.net
        sschalman-bergen@bm.net
        cfundora@bm.net

        Ryan A. Hancock
        WILLIG, WILLIAMS & DAVIDSON
        1845 Walnut Street, 24th Floor
        Philadelphia, PA 19103
        Telephone: (215) 656-3679
        rhancock@wwdlaw.com
        *Attorneys for Plaintiffs and Proposed Classes*

cc: Counsel of Record (via ECF)