## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **TYHEE HICKMAN, SHANAY BOLDEN, and O'DONALD HENRY, individually and on behalf of all persons similarly situated,** | : : : : : | **Civil Action No.: 2:17-cv-01038-GAM** |
| **Plaintiffs,** | : : | |
| **v.** | : : | |
| **TL TRANSPORTATION, LLC, SCOTT FOREMAN, HERSCHEL LOWE, AMAZON.COM, LLC, and AMAZON LOGISTICS, INC.,** | : : : : : : | |
| **Defendants.** | : | |

### DECLARATION OF SARAH SCHALMAN-BERGEN IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

I, Sarah R. Schalman-Bergen, hereby declare that the following is true and correct:

### A.     INTRODUCTION

1.      I am a member in good standing of the bar of the Commonwealth of Pennsylvania, and I am admitted in this Court. I respectfully submit this declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval. The following is based on my personal knowledge and, if called upon to do so, I could and would competently testify thereto.

2.      I am a Shareholder of Berger Montague PC ("Berger Montague") and co-lead counsel for Plaintiffs and the proposed collective and classes of Settlement Class Members[1] as defined in the Parties' Settlement Agreement.

3.      Berger Montague specializes in class action litigation in federal and state courts

---

[1] All capitalized terms used in this Declaration have the meanings ascribed to them as set forth in the Parties' Settlement Agreement.

and is one of the preeminent plaintiffs' law firms in the United States. Berger Montague currently consists of over 65 attorneys who represent plaintiffs in complex civil litigation, class action, and collective action litigation, with offices in Philadelphia, Minneapolis, San Diego, and Washington D.C. The firm's Employment Law Department has extensive experience representing employees in class action and collective action litigation. Berger Montague has played lead roles in major cases for over 49 years, resulting in recoveries collectively totaling well over $30 billion for our clients and the classes they have represented. I have attached a copy of our firm's resume hereto as Exhibit A.

4.     I am the Co-Chair of the Employment Law Department at Berger Montague, and I have an extensive background in litigation on behalf of employees. I have served and currently serve as lead or co-lead counsel in many employment class and collective action cases in federal courts across the country, brought under the Fair Labor Standards Act and related state wage laws, including unpaid wages and unpaid overtime compensation cases similar to this Lawsuit. Berger Montague has successfully resolved numerous unpaid overtime cases in district courts across the United States, including in the Eastern District of Pennsylvania and the other district courts in the Third Circuit. This level of experience enabled our firm to undertake this matter and to efficiently and successfully prosecute, negotiate, and resolve the claims on behalf of Plaintiffs and the Settlement Class Members.

5.     Practice in the area of wage and hour class and collective action litigation requires skills, knowledge, and experience in two distinct subsets of the law: (a) the substantive employment law applicable to such cases; and (b) the substantive and procedural aspects of prosecuting class and collective actions. Expertise in one of these areas does not necessarily translate into expertise in the other. Plaintiffs' Counsel in such cases – in order to be successful –

2

must have deep expertise in both. The issues presented in this case required more than just a general appreciation of wage and hour law and/or class action/collective action procedures, as these areas of practice are often changing. Here, Class Counsel's knowledge and expertise was utilized to drill down on and narrow the key issues and ultimately, was leveraged to reach a fair and reasonable $1.8 million settlement in an efficient manner.

6.      Class Counsel believes that the negotiated Settlement Agreement of this class and collective action wage and hour lawsuit, against Defendants TL Transportation, LLC ("TLT"), Scott Foreman ("Foreman"), and Herschel Lowe's ("Lowe") (collectively, the "TL Defendants") and Amazon.com, LLC, Amazon Logistics, Inc. (together, "Amazon"), provides an excellent settlement for the Plaintiffs and the Settlement Class, with respect to their claims for unpaid overtime wages resulting from the TL Defendants' violations of the FLSA and related state law.

7.      The Settlement was the result of contested litigation, factual discovery, and arm's-length negotiations.

8.      Following the exchange of informal discovery, extensive arm's-length settlement negotiations, and three (3) in-person mediations at JAMS in Philadelphia, PA, the Parties were able to reach a class and collective settlement of this matter.

9.      The Gross Settlement Amount of $1,800,000 provides Settlement Class Members with certain payment of wages that would have been owed if the case had been taken to trial, and it was carefully negotiated based on a substantial investigation by Class Counsel, detailed damages analyses, and the review and analysis of documents produced by Plaintiffs and Defendants in preparation for mediation.

10.      The Net Settlement Amount of approximately $1,102,500 (*i.e* the amount that will actually be paid out to Settlement Class Members after deductions are made for fees, costs, service

awards, and administration costs) represents approximately 157% percent of Class Counsel's calculations of unpaid wages owed using the most favorable assumptions on time worked at a half time rate.

11.     The Settlement offers significant advantages over the continued prosecution of this case, as the Plaintiffs and the Settlement Class will receive significant financial compensation and will avoid the risks inherent in the continued prosecution of this case in which Defendant would assert various defenses to its liability.

12.     The proposed Settlement was reached only after (1) the exchange of substantial documents and records; (2) multiple pre-settlement conference calls; (3) multiple depositions (4) extensive briefing and oral argument on a motion for summary judgment; (5) preparation and exchange of mediation statements; and (6) three (3) in-person mediations in Philadelphia, Pennsylvania before experienced mediators, which included additional extensive arm's-length negotiations between counsel for the Parties both before and after the mediation.

13.     Class Counsel extensively investigated the applicable law as applied to the relevant facts discovered in this action, and the potential defenses thereto. The Gross Settlement Amount is based on an intensive review of the facts and law.

14.     During the course of their extensive settlement negotiations, the Parties exchanged data regarding all Settlement Class Members, and performed and exchanged detailed exposure models and analyses, in addition to exchanging detailed mediation statements and engaging in numerous discussions regarding the various issues in the case.

15.     Because of the lack of timekeeping records maintained by the TL Defendants, the parties each modeled various damage and claim scenarios utilizing various legal and factual assumptions, as well as payroll data from the TL Defendants and delivery data from Amazon, and

presented them to each other under the supervision of the mediator.

16.     Both parties modeled these damages by analyzing Amazon's delivery data, which includes various times when the Delivery Associates scan and/or deliver packages to Amazon customers.  The parties engaged in numerous meet and confer calls so that Class Counsel could understand the data and could engage in fully informed settlement negotiations.  As part of their exposure analysis, Class Counsel's in house data analyst matched payroll records produced by TLT with the delivery data produced by Amazon, and built in various factual assumptions on time worked in addition to the time that was captured by Amazon's delivery data.  Ultimately the Gross Settlement Amount that was negotiated and agreed upon ($1,800,000) represents a compromised resolution on this issue.

17.     Plaintiffs argued that, because Defendant TLT admitted that Delivery Associates were paid other forms of compensation for services, the exception to the general rule that overtime must be paid at a time-and-a-half rate as set forth in 29 C.F.R. § 778.112 would not apply. *See* 29 C.F.R. § 778.112 (permitting overtime to be paid at a half time rate where an employee is is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job, and if he receives no other form of compensation for services); *see also Rodriguez v. Republic Servs.*, No. SA–13–CV–20–XR, 2013 WL 5656129, at *2 (W.D. Tex. Oct. 15, 2013).  Defendants raised various factual and legal arguments disputing that damages would be ordered to be paid at a time-and-a-half rate.  Ultimately the Gross Settlement Amount that was negotiated and agreed upon represents a compromised resolution on this issue.

18.     Ultimately, the Settlement that the Parties reached reflects what Class Counsel believes to be a fair and reasonable settlement of disputed claims that takes into account the risks that Plaintiffs would face if the case proceeded in litigation. First, there was a risk that Plaintiffs

would not succeed in maintaining a collective or class through trial. Second, a trial on the merits would involve significant risks for Plaintiffs as to both liability on the issue of joint employment by Amazon and the appropriate rate and calculation of damages, and any verdict at trial could be delayed based on appeals by Defendants.

19.     Based on Class Counsel's knowledge and expertise in this area of law, Class Counsel believe this Settlement will provide a substantial benefit to each of the Settlement Class Members.

20.     In addition, the proposed service awards to Plaintiffs Tyhee Hickman, Shanay Bolden, and O'Donald Henry are justified by the benefits that Plaintiffs' diligent efforts have brought to the Settlement Class Members.

21.     Plaintiffs took the significant risk of coming forward to represent the interests of their fellow employees. They worked with Class Counsel, providing background information about their employment, about Defendant's policies and practices, and about the allegations in this lawsuit. Plaintiff Hickman attended two of the mediation sessions. These individuals work in an industry in which workers are largely fungible, and they bravely took the risk to step forward on behalf of their fellow workers, knowing that their name would be a on a public docket available through an internet search, and knowing that prospective employers might take their participation in such a lawsuit in consideration when making hiring decisions.  They risked their reputation in the community and in her field of employment in order to participate in this case on behalf of the Class. The lesser service award allotted to Plaintiff Henry simply reflects the shorter length of time that he has served as a Named Plaintiff in this case, which began with Plaintiffs' filing of the Third Amended Complaint on September 16, 2019.

22.     The proposed Settlement Class here easily meet the numerosity requirement

because, through Defendants' payroll records, approximately 229 members have been identified who worked in Pennsylvania, approximately 253 members have been identified who worked in Maryland, and approximately 94 members have been identified who worked in New Jersey.

23.     Finally, the Parties have spent considerable time negotiating and drafting the Settlement Agreement, which ensures that all members of the Settlement Class are provided with notice of the Settlement Agreement and its terms.

Executed this 17th day of September, 2019, in Philadelphia, Pennsylvania.


/s Sarah R. Schalman-Bergen
Sarah Schalman-Bergen

# EXHIBIT A



1818 Market Street | Suite 3600 | Philadelphia, PA 19103
info@bm.net
bergermontague.com
800-424-6690

**About Berger Montague**

Berger Montague is a full-spectrum class action and complex civil litigation firm, with nationally known attorneys highly sought after for their legal skills. The firm has been recognized by courts throughout the country for its ability and experience in handling major complex litigation, particularly in the fields of antitrust, securities, mass torts, civil and human rights, whistleblower cases, employment, and consumer litigation.  In numerous precedent-setting cases, the firm has played a principal or lead role.

The *National Law Journal,* which recognizes a select group of law firms each year that have done "exemplary, cutting-edge work on the plaintiffs' side," has selected Berger Montague in 12 out of 14 years (2003-05, 2007-13, 2015-16) for its "Hot List" of top plaintiffs' oriented litigation firms in the United States. In 2018 and 2019, the *National Law Journal* recognized Berger Montague as "Elite Trial Lawyers" after reviewing more than 300 submissions for this award. The firm has also achieved the highest possible rating by its peers and opponents as reported in *Martindale-Hubbell* and was ranked as a 2019 "Best Law Firm" by *U.S. News - Best Lawyers.*

Currently, the firm consists of 68 lawyers; 23 paralegals; and an experienced support staff.  Few firms in the United States have our breadth of practice and match our successful track record in such a broad array of complex litigation.

**History of the Firm**

Berger Montague was founded in 1970 by the late David Berger to concentrate on the representation of plaintiffs in a series of antitrust class actions.  David Berger helped pioneer the use of class actions in antitrust litigation and was instrumental in extending the use of the class action procedure to other litigation areas, including securities, employment discrimination, civil and human rights, and mass torts.  The firm's complement of nationally recognized lawyers has represented both plaintiffs and defendants in these and other areas and has recovered billions of dollars for its clients.  In complex litigation, particularly in areas of class action litigation, Berger Montague has established new law and forged the path for recovery.

The firm has been involved in a series of notable cases, some of them among the most important in the last 50 years of civil litigation.  For example, the firm was one of the principal counsel for

plaintiffs in the *Drexel Burnham Lambert/Michael Milken* securities and bankruptcy litigation. Claimants in these cases recovered approximately $2 billion in the aftermath of the collapse of the junk bond market and the bankruptcy of *Drexel* in the late 1980's.  The firm was also among the principal trial counsel in the *Exxon Valdez Oil Spill* litigation in Anchorage, Alaska, a trial resulting in a record jury award of $5 billion against Exxon, later reduced by the U.S. Supreme Court to $507.5 million.  Berger Montague was lead counsel in the *School Asbestos Litigation*, in which a national class of secondary and elementary schools recovered in excess of $200 million to defray the costs of asbestos abatement.  The case was the first mass tort property damage class action certified on a national basis.  Berger Montague was also lead/liaison counsel in the *Three Mile Island Litigation* arising out of a serious nuclear incident.

Additionally, in the human rights area, the firm, through its membership on the executive committee in the *Holocaust Victim Assets Litigation*, helped to achieve a $1.25 billion settlement with the largest Swiss banks on behalf of victims of Nazi aggression whose deposits were not returned after the Second World War.  The firm also played an instrumental role in bringing about a $4.37 billion settlement with German industry and government for the use of slave and forced labor during the Holocaust.

### Judicial Praise for Berger Montague Attorneys

Berger Montague's record of successful prosecution of class actions and other complex litigation has been recognized and commended by judges and arbitrators across the country.  Some remarks on the skill, efficiency, and expertise of the firm's attorneys are excerpted below.

**Antitrust**

From **Judge Brian M. Cogan**, of the U.S. District Court of the Eastern District of New York:

> "This is a substantial recovery that has the deterrent effect that class actions are supposed to have, and I think it was done because we had really good Plaintiffs' lawyers in this case who were running it."

Transcript of June 24, 2019 Fairness Hearing, *In re Dental Supplies Antitrust Litigation*, No. 16-cv-696 (E.D.N.Y.).

From **Judge Michael M. Baylson**, of the U.S. District Court of the Eastern District of Pennsylvania:

> "[C]ounsel…for direct action plaintiffs have done an outstanding job here with representing the class, and I thought your briefing was always very on point. I thought the presentation of the very contentious issues on the class action motion was very well done, it was very well briefed, it was well argued."

Transcript of the June 28, 2018 Hearing in *In re Domestic Drywall Antitrust Litigation*, No. MD-13-2437 at 11:6-11.

From **Judge Madeline Cox Arleo,** of the U.S. District Court for the District of New Jersey praising the efforts of all counsel:

> "I just want to thank you for an outstanding presentation.  I don't say that lightly . . . it's not lost on me at all when lawyers come very, very prepared.  And really, your clients should be very proud to have such fine lawyering.  I don't see lawyering like this every day in the federal courts, and I am very grateful.  And I appreciate the time and the effort you put in, not only to the merits, but the respect you've shown for each other, the respect you've shown for the Court, the staff, and the time constraints.  And as I tell my law clerks all the time, good lawyers don't fight, good lawyers advocate.  And I really appreciate that more than I can express."

Transcript of the September 9 to 11, 2015 Daubert Hearing in *Castro v. Sanofi Pasteur*, No. 11-cv-07178 (D.N.J.) at 658:14-659:4.

From **Judge William H. Pauley, III**, of the U.S. District Court of the Southern District of New York:

> "Class Counsel did their work on their own with enormous attention to detail and unflagging devotion to the cause.  Many of the issues in this litigation . . . were unique and issues of first impression."

> \* \* \*

> "Class Counsel provided extraordinarily high-quality representation.  This case raised a number of unique and complex legal issues ….  The law firms of Berger Montague and Coughlin Stoia were indefatigable.  They represented the Class with a high degree of professionalism, and vigorously litigated every issue against some of the ablest lawyers in the antitrust defense bar."

*In re Currency Conversion Fee Antitrust Litigation*, 263 F.R.D. 110, 129 (2009).

From **Judge Faith S. Hochberg,** of the United States District court for the District of New Jersey:

> "[W]e sitting here don't always get to see such fine lawyering, and it's really wonderful for me both to have tough issues and smart lawyers … I want to congratulate all of you for the really hard work you put into this, the way you presented the issues, … On behalf of

the entire federal judiciary I want to thank you for the kind of lawyering we wish everybody would do."

*In re Remeron Antitrust Litig.*, Civ. No. 02-2007 (Nov. 2, 2005).

From U.S. District **Judge Jan DuBois**, of the U.S. District Court of the Eastern District of Pennsylvania:

"[T]he size of the settlements in absolute terms and expressed as a percentage of total damages evidence a high level of skill by petitioners … The Court has repeatedly stated that the lawyering in the case at every stage was superb, and does so again."

*In Re Linerboard Antitrust Litig.*, 2004 WL 1221350, at *5-*6 (E.D. Pa. 2004).

From **Judge Nancy G. Edmunds**, of the U.S. District Court of the Eastern District of Michigan:

"[T]his represents an excellent settlement for the Class and reflects the outstanding effort on the part of highly experienced, skilled, and hard working Class Counsel….[T]heir efforts were not only successful, but were highly organized and efficient in addressing numerous complex issues raised in this litigation[.]"

*In re Cardizem CD Antitrust Litig.*, MDL No. 1278 (E.D. Mich., Nov. 26, 2002).

From **Judge Charles P. Kocoras,** of the U.S. District Court for the Northern District of Illinois:

"The stakes were high here, with the result that most matters of consequence were contested.  There were numerous trips to the courthouse, and the path to the trial court and the Court of Appeals frequently traveled.  The efforts of counsel for the class has [sic] produced a substantial recovery, and it is represented that the cash settlement alone is the second largest in the history of class action litigation. . . . There is no question that the results achieved by class counsel were extraordinary [.]"

Regarding the work of Berger Montague in achieving more than $700 million in settlements with some of the defendants in *In Re Brand Name Prescription Drugs Antitrust Litigation*, 2000 U.S. Dist. LEXIS 1734, at *3-*6 (N.D. Ill. Feb. 9, 2000).

From **Judge Peter J. Messitte,** of the U.S. District Court for the District of Maryland:

"The experience and ability of the attorneys I have mentioned earlier, in my view in reviewing the documents, which I have no reason to doubt, the plaintiffs' counsel are at the top of the profession in this regard and certainly have used their expertise to craft an extremely favorable settlement for their clients, and to that extent they deserve to be rewarded."

Settlement Approval Hearing, Oct. 28, 1994, in *Spawd, Inc. and General Generics v. Bolar Pharmaceutical Co., Inc.*, CA No. PJM-92-3624 (D. Md.).

From **Judge Donald W. Van Artsdalen,** of the U.S. District Court for the Eastern District of Pennsylvania:

"As to the quality of the work performed, although that would normally be reflected in the not immodest hourly rates of all attorneys, for which one would expect to obtain excellent quality work at all times, the results of the settlements speak for themselves. Despite the extreme uncertainties of trial, plaintiffs' counsel were able to negotiate a cash settlement of a not insubstantial sum, and in addition, by way of equitable relief, substantial concessions by the defendants which, subject to various condition, will afford the right, at least, to lessee-dealers to obtain gasoline supply product from major oil companies and suppliers other than from their respective lessors. The additional benefits obtained for the classes by way of equitable relief would, in and of itself, justify some upward adjustment of the lodestar figure."

*Bogosian v. Gulf Oil Corp.*, 621 F. Supp. 27, 31 (E.D. Pa. 1985).

From **Judge Krupansky**, who had been elevated to the Sixth Circuit Court of Appeals:

Finally, the court unhesitatingly concludes that the quality of the representation rendered by counsel was uniformly high.  The attorneys involved in this litigation are extremely experienced and skilled in their prosecution of antitrust litigation and other complex actions.  Their services have been rendered in an efficient and expeditious manner, but have nevertheless been productive of highly favorable result.

*In re Art Materials Antitrust Litigation*, 1984 CCH Trade Cases ¶65,815 (N.D. Ohio 1983).

From **Judge Joseph Blumenfeld,** of the U.S. District Court for the District of Connecticut:

"The work of the Berger firm showed a high degree of efficiency and imagination, particularly in the maintenance and management of the national class actions."

5

*In re Master Key Antitrust Litigation*, 1977 U.S. Dist. LEXIS 12948, at *35 (Nov. 4, 1977).

**Securities & Investor Protection**

From **Judge Jed Rakoff** of the U.S. District Court for the Southern District of New York:

> Court stated that lead counsel had made "very full and well-crafted" and "excellent submissions"; that there was a "very fine job done by plaintiffs' counsel in this case"; and that this was "surely a very good result under all the facts and circumstances."

*In re Merrill Lynch & Co., Inc. Securities, Derivative & ERISA Litigation*, Master File No. 07-cv-9633(JSR)(DFE) (S.D.N.Y., July 27, 2009).

From **Judge Michael M. Baylson** of the U.S. District Court for the Eastern District of Pennsylvania:

> "The Court is aware of and attests to the skill and efficiency of class counsel: they have been diligent in every respect, and their briefs and arguments before the Court were of the highest quality. The firm of Berger Montague took the lead in the Court proceedings; its attorneys were well prepared, articulate and persuasive."

*In re CIGNA Corp. Sec. Litig.*, 2007 U.S. Dist. LEXIS 51089, at *17-*18 (E.D. Pa. July 13, 2007).

From **Judge Stewart Dalzell** of the U.S. District Court for the Eastern District of Pennsylvania:

> "The quality of lawyering on both sides, but I am going to stress now on the plaintiffs' side, simply  has not been exceeded in any case, and we have had some marvelous counsel appear before us and make superb arguments, but they really don't come any better than Mrs. Savett… [A]nd the arguments we had on the motion to dismiss [Mrs. Savett argued the motion], both sides were fabulous, but plaintiffs' counsel were as good as they come."

*In re U.S. Bioscience Secs. Litig.*, No. 92-0678 (E.D. Pa. April 4, 1994).

From **Judge Wayne Andersen** of the U.S. District Court for the Northern District of Illinois:

> "[Y]ou have acted the way lawyers at their best ought to act. And I have had a lot of cases…in 15 years now as a judge and I cannot recall a significant case where I felt people were better represented than they are here…I would say this has been the best representation that I have seen."

*In re: Waste Management, Inc. Secs. Litig.*, No. 97-C 7709 (N.D. Ill. 1999).

From **Chancellor William Chandler, III** of the Delaware Chancery Court:

> "All I can tell you, from someone who has only been doing this for roughly 22 years, is that I have yet to see a more fiercely and intensely litigated case than this case.  Never in 22 years have I seen counsel going at it, hammer and tong, like they have gone at it in this case.  And I think that's a testimony – Mr. Valihura correctly says that's what they are supposed to do.  I recognize that; that is their job, and they were doing it professionally."

***Ginsburg v. Philadelphia Stock Exchange, Inc.***, No. 2202 (Del. Ch., Oct. 22, 2007).


From **Judge Stewart Dalzell** of the U.S. District Court for the Eastern District of Pennsylvania:

> "Thanks to the nimble class counsel, this sum, which once included securities worth $149.5 million is now all cash.  Seizing on an opportunity Rite Aid presented, class counsel first renegotiated what had been stock consideration into Rite Aid Notes and then this year monetized those Notes.  Thus, on February 11, 2003, Rite Aid redeemed those Notes from the class, which then received $145,754,922.00.  The class also received $14,435,104 in interest on the Notes."

> "Co-lead counsel ... here were extraordinarily deft and efficient in handling this most complex matter... they were at least eighteen months ahead of the United States Department of Justice in ferreting out the conduct that ultimately resulted in the write down of over $1.6 billion in previously reported Rite Aid earnings.  In short, it would be hard to equal the skill class counsel demonstrated here."

***In re Rite Aid Corp. Securities Litigation***, 269 F. Supp. 2d 603, 605, n.1, 611 (E.D. Pa. 2003).


From **Judge Helen J. Frye**, United States District Judge for the U.S. District Court for the District of Oregon:

> "In order to bring about this result [partial settlements then totaling $54.25 million], Class Counsel were required to devote an unusual amount of time and effort over more than eight years of intense legal litigation which included a four-month long jury trial and full briefing and argument of an appeal before the Ninth Circuit Court of Appeals, and which produced one of the most voluminous case files in the history of this District."

> \* \* \*

> "Throughout the course of their representation, the attorneys at Berger Montague and Stoll, Stoll, Berne, Lokting & Shlachter who have worked on this case have exhibited an

unusual degree of skill and diligence, and have had to contend with opposing counsel who also displayed unusual skill and diligence."

*In Re Melridge, Inc. Securities Litigation*, No. CV 87-1426-FR (D. Ore. April 15, 1996).

From **Judge Marvin Katz** of the U.S. District Court for the Eastern District of Pennsylvania:

"[T]he co-lead attorneys have extensive experience in large class actions, experience that has enabled this case to proceed efficiently and professionally even under short deadlines and the pressure of handling thousands of documents in a large multi-district action... These counsel have also acted vigorously in their clients' interests...."

\* \* \*

"The management of the case was also of extremely high quality....  [C]lass counsel is of high caliber and has extensive experience in similar class action litigation....   The submissions were of consistently high quality, and class counsel has been notably diligent in preparing filings in a timely manner even when under tight deadlines."

Commenting on class counsel, where the firm served as both co-lead and liaison counsel in *In re Ikon Office Solutions, Inc. Securities Litigation*, 194 F.R.D. 166, 177, 195 (E.D. Pa. 2000).

From **Judge William K. Thomas,** Senior District Judge for the United States District Court for the Northern District of Ohio:

"In the proceedings it has presided over, this court has become directly familiar with the specialized, highly competent, and effective quality of the legal services performed by Merrill G. Davidoff, Esq. and Martin I. Twersky, Esq. of Berger Montague...."

\* \* \*

"Examination of the experience-studded biographies of the attorneys primarily involved in this litigation and review of their pioneering prosecution of many class actions in antitrust, securities, toxic tort matters and some defense representation in antitrust and other litigation, this court has no difficulty in approving and adopting the hourly rates fixed by Judge Aldrich."

Commenting in *In re Revco Securities Litigation*, Case No. 1:89CV0593, Order (N.D. Oh. September 14, 1993).

**Civil/Human Rights Cases**

From **Deputy Treasury Secretary Stuart E. Eizenstat**:

> "We must be frank.  It was the American lawyers, through the lawsuits they brought in U.S. courts, who placed the long-forgotten wrongs by German companies during the Nazi era on the international agenda.  It was their research and their work which highlighted these old injustices and forced us to confront them.  Without question, we would not be here without them....  For this dedication and commitment to the victims, we should always be grateful to these lawyers."

In his remarks at the July 17, 2000, signing ceremony for the international agreements which established the German Foundation to act as a funding vehicle for the payment of claims to Holocaust survivors.

**Insurance Litigation**

From **Judge Janet C. Hall**, of the U.S. District Court of the District of Connecticut:

> Noting the "very significant risk in pursuing this action" given its uniqueness in that "there was no prior investigation to rely on in establishing the facts or a legal basis for the case….[and] no other prior or even now similar case involving parties like these plaintiffs and a party like these defendants." Further, "the quality of the representation provided to the plaintiffs ... in this case has been consistently excellent….  [T]he defendant[s] ... mounted throughout the course of the five years the case pended, an extremely vigorous defense….  [B]ut for counsel's outstanding work in this case and substantial effort over five years, no member of the class would have recovered a penny….  [I]t was an extremely complex and substantial class ... case ... [with an] outstanding result."

Regarding the work of Berger Montague attorneys Peter R. Kahana and Steven L. Bloch, among other co-class counsel, in *Spencer, et al. v. The Hartford Financial Services Group, Inc., et al.,* in the Order approving the $72.5 million final settlement of this action, dated September 21, 2010 (No. 3:05-cv-1681, D. Conn.).

**Customer/Broker Arbitrations**

From **Robert E. Conner**, Public Arbitrator with the National Association of Securities Dealers, Inc.:

> "[H]aving participated over the last 17 years in 400 arbitrations and trials in various settings, ... the professionalism and the detail and generally the civility of everyone involved has been not just a cause for commentary at the end of these proceedings but between ourselves [the arbitration panel] during the course of them, and ... the detail and the intellectual rigor that went into the documents was fully reflective of the effort that was

made in general.  I wanted to make that known to everyone and to express my particular respect and admiration."

About the efforts of Berger Montague shareholders Merrill G. Davidoff and Eric L. Cramer, who achieved a $1.1 million award for their client, in ***Steinman v. LMP Hedge Fund, et al.***, NASD Case No. 98-04152, at Closing Argument, June 13, 2000.

**Employment & Unpaid Wages**

From **Judge Timothy R. Rice**, United States Magistrate Judge for the U.S. District Court for the Eastern District of Pennsylvania:

> Describing Berger Montague as "some of the finest legal representation in the nation," who are "ethical, talented, and motivated to help hard working men and women."

Regarding the work of Berger Montague attorneys Sarah R. Schalman-Bergen and Camille F. Rodriguez in ***Gonzalez v. Veritas Consultant Group, LLC, d/b/a Moravia Health Network***, No. 2:17-cv-1319-TR (E.D. Pa. March 13, 2019).

From **Judge Malachy E. Mannion**, United States District Judge for the U.S. District Court for the Middle District of Pennsylvania:

> "At the final approval hearing, class counsel reiterated in detail the arguments set forth in the named plaintiffs' briefing. … The court lauded the parties for their extensive work in reaching a settlement the court deemed fair and reasonable.
>
> \* \* \*
>
> "The court is confident that [class counsel] are highly skilled in FLSA collective and hybrid actions, as seen by their dealings with the court and the results achieved in both negotiating and handling the settlement to date."

***Acevedo v. Brightview Landscapes, LLC***, No. 3:13-cv-2529, 2017 WL 4354809 (M.D. Pa. Oct. 2, 2017).

From **Judge Joseph F. Bataillon**, United States District Judge for the U.S. District Court for the District of Nebraska:

> [P]laintiffs' counsel succeeded in vindicating important rights. … The court is familiar with "donning and doffing" cases and based on the court's experience, defendant meat packing companies' litigation conduct generally reflects "what can

only be described as a deeply-entrenched resistance to changing their compensation practices to comply with the requirements of FLSA." (citation omitted). Plaintiffs' counsel perform a recognized public service in prosecuting these actions as a 'private Attorney General' to protect the rights of underrepresented workers.

The plaintiffs have demonstrated that counsel's services have benefitted the class. … The fundamental policies of the FLSA were vindicated and the rights of the workers were protected.

Regarding the work of Berger Montague among other co-counsel in ***Morales v. Farmland Foods, Inc.***, No. 8:08-cv-504, 2013 WL 1704722 (D. Neb. Apr. 18, 2013).


From **Judge Jonathan W. Feldman**, United States Magistrate Judge for the U.S. District Court for the Western District of New York:

"The nature of the instant application obliges the Court to make this point clear: In my fifteen years on the bench, no case has been litigated with more skill, tenacity and legal professionalism than this case. The clients, corporate and individual, should be proud of the manner in which their legal interests were brought before and presented to the Court by their lawyers and law firms."

and

"…the Court would be remiss if it did not commend class counsel and all those who worked for firms representing the thousands of current and former employees of Kodak for the outstanding job they did in representing the interests of their clients. For the last several years, lead counsel responsibilities were shared by Shanon Carson …. Their legal work in an extraordinarily complex case was exemplary, their tireless commitment to seeking justice for their clients was unparalleled and their conduct as officers of the court was beyond reproach."

**Employees Committed For Justice v. Eastman Kodak,** (W.D.N.Y. 2010) ($21.4 million settlement).

**Other**

From **Stephen M. Feiler, Ph.D.,** Director of Judicial Education, Supreme Court of Pennsylvania, Administrative Office of Pennsylvania Courts, Mechanicsburg, PA *on behalf of the Common Pleas Court Judges (trial judges) of Pennsylvania*:

"On behalf of the Supreme Court of Pennsylvania and AOPC's Judicial Education Department, thank you for your extraordinary commitment to the *Dealing with*

*Complexities in Civil Litigation* symposia.  We appreciate the considerable time you spent preparing and delivering this important course across the state.  It is no surprise to me that the judges rated this among the best programs they have attended in recent years."

About the efforts of Berger Montague attorneys Merrill G. Davidoff, Peter Nordberg and David F. Sorensen in planning and presenting a CLE Program to trial judges in the Commonwealth of Pennsylvania.


**Relevant Practice Areas and Case Profiles**

**Employment & Unpaid Wages**
The Berger Montague Employment & Unpaid Wages Department works tirelessly to safeguard the rights of employees, and devotes all of their energies to helping the firm's clients achieve their goals.  Our attorneys' understanding of federal and state wage and hour laws, federal and state civil rights and discrimination laws, ERISA, the WARN Act, laws protecting whistleblowers, such as federal and state False Claims Acts, and other employment laws, allows us to develop creative strategies to vindicate our clients' rights and help them secure the compensation to which they are entitled.

Berger Montague is at the forefront of class action litigation, seeking remedies for employees under the Fair Labor Standards Act, state wage and hour law, breach of contract, unjust enrichment, and other state common law causes of action.

Berger Montague's Employment & Unpaid Wages Group, which is co-chaired by Managing Shareholder Shanon Carson and Shareholder Sarah Schalman-Bergen, is repeatedly recognized for outstanding success in effectively representing its clients. In 2015, The National Law Journal selected Berger Montague as the top plaintiffs' law firm in the Employment Law category at the Elite Trial Lawyers awards ceremony. Portfolio Media, which publishes Law360, also recognized Berger Montague as one of the eight Top Employment Plaintiffs' Firms in 2009.

Representative cases include the following:

- *Fenley v. Wood Group Mustang, Inc*:  The firm served as lead counsel and obtained a settlement of $6.25 million on behalf of a class of oil and gas inspectors who allegedly did not receive overtime compensation for hours worked in excess of 40 per week. (Civil Action No. 2:15-cv-326 (S.D. Ohio)).

- *Sanders v. The CJS Solutions Group, LLC*:  The firm served as co-lead counsel and obtained a settlement of $3.24 million on behalf of a class of IT healthcare consultants who allegedly did not receive overtime premiums for hours worked in excess of 40 per week. (Civil Action No. 17-3809 (S.D.N.Y.)).

- *Gundrum v.* **Cleveland Integrity Services, Inc..:**  The firm served as lead counsel and obtained a settlement of $4.5 million on behalf of a class of oil and gas inspectors who allegedly did not receive overtime compensation for hours worked in excess of 40 per week. (Civil Action No. 4:17-cv-55 (N.D. Okl.)).

- *Fenley v.* **Applied Consultants, Inc.:**  The firm served as lead counsel and obtained a settlement of $9.25 million on behalf of a class of oil and gas inspectors who allegedly did not receive overtime compensation for hours worked in excess of 40 per week. (Civil Action No. 2:15-cv-259 (W.D. Pa.)).

- *Acevedo v. Brightview Landscapes, LLC*:  The firm served as co-lead counsel and obtained a settlement of $6.95 million on behalf of a class of landscaping crew members who allegedly did not receive proper overtime premiums for hours worked in excess of 40 per week. (Civil Action No. 3:13-cv-02529 (M.D. Pa.)).

- *Jantz v. Social Security Administration:*  The firm served as co-lead counsel and obtained a settlement on behalf of employees with targeted disabilities ("TDEs") alleged that SSA discriminated against TDEs by denying them promotional and other career advancement opportunities.  The settlement was reached after more than ten years of litigation, and the Class withstood challenges to class certification on four separate occasions.  The settlement includes a monetary fund of $9.98 million and an unprecedented package of extensive programmatic changes valued at approximately $20 million.  EEOC No. 531-2006-00276X (2015).

- *Ciamillo v. Baker Hughes, Incorporated:* The firm served as lead counsel and obtained a settlement of $5 million on behalf of a class of oil and gas workers who allegedly did not receive any overtime compensation for working hours in excess of 40 per week. (Civil Action No. 14-cv-81 (D. Alaska)).

- *Employees Committed for Justice v. Eastman Kodak Company:*  The firm served as co-lead counsel and obtained a settlement of $21.4 million on behalf of a nationwide class of African American employees of Kodak alleging a pattern and practice of racial discrimination (pending final approval).  A significant opinion issued in the case is *Employees Committed For Justice v. Eastman Kodak Co.*, 407 F. Supp. 2d 423 (W.D.N.Y. 2005) (denying Kodak's motion to dismiss).  No. 6:04-cv-06098 (W.D.N.Y.)).

- *Salcido v. Cargill Meat Solutions Corp.:*  The firm served as co-lead counsel and obtained a settlement of $7.5 million on behalf of a class of thousands of employees of Cargill Meat Solutions Corp. alleging that they were forced to work off-the-clock and during their breaks.  This is one of the largest settlements of this type of case involving a single plant in U.S. history.  (Civil Action Nos. 1:07-cv-01347-LJO-GSA and 1:08-cv-00605-LJO-GSA (E.D. Cal.)).

- ▪ ***Miller v. Hygrade Food Products, Inc.:***  The firm served as lead counsel and obtained a settlement of $3.5 million on behalf of a group of African American employees of Sara Lee Foods Corp. to resolve charges of racial discrimination and retaliation at its Ball Park Franks plant.  (No. 99-1087 (E.D. Pa.)).

- ▪ ***Chabrier v. Wilmington Finance, Inc.:***  The firm served as co-lead counsel and obtained a settlement of $2,925,000 on behalf of loan officers who worked in four offices to resolve claims for unpaid overtime wages.  A significant opinion issued in the case is *Chabrier v. Wilmington Finance, Inc.*, 2008 WL 938872 (E.D. Pa. April 04, 2008) (denying the defendant's motion to decertify the class).   (No. 06-4176 (E.D. Pa.)).

- ▪ ***Bonnette v. Rochester Gas & Electric Co.:***  The firm served as co-lead counsel and obtained a settlement of $2 million on behalf of a class of African American employees of Rochester Gas & Electric Co. to resolve charges of racial discrimination in hiring, job assignments, compensation, promotions, discipline, terminations, retaliation, and a hostile work environment.    (No. 07-6635 (W.D.N.Y.)).

- ▪ ***Confidential***.  The firm served as lead counsel and obtained a settlement of $6 million on behalf of a group of African American employees of a Fortune 100 company to resolve claims of racial discrimination, as well as injunctive relief which included significant changes to the Company's employment practices (settled out of court while charges of discrimination were pending with the U.S. Equal Employment Opportunity Commission).

## Founding Partner

**David Berger -** *1912-2007*
David Berger was the founder and the Chairman of Berger Montague.  He received his A.B. *cum laude* in 1932 and his LL.B. *cum laude* in 1936, both from the University of Pennsylvania.  He was a member of The Order of the Coif and was an editor of the *University of Pennsylvania Law Review*.  He had a distinguished scholastic career including being Assistant to Professor Francis H. Bohlen and Dr. William Draper Lewis, Director of the American Law Institute, participating in the drafting of the first Restatement of Torts.  He also served as a Special Assistant Dean of the University of Pennsylvania Law School.  He was a member of the Board of Overseers of the Law School and Associate Trustee of the University of Pennsylvania.   In honor of his many contributions, the Law School established the David Berger Chair of Law for the Improvement of the Administration of Justice.

David Berger was a law clerk for the Pennsylvania Supreme Court.  He served as a deputy assistant to Director of Enemy Alien Identification Program of the United States Justice Department during World War II.

Thereafter he was appointed Lt.j.g. in the U.S. Naval Reserve and he served in the South Pacific aboard three aircraft carriers during World War II.  He was a survivor of the sinking of the U.S.S. Hornet in the Battle of Santa Cruz, October 26, 1942.  After the sinking of the Hornet, Admiral

Halsey appointed him a member of his personal staff when the Admiral became Commander of the South Pacific. Mr. Berger was ultimately promoted to Commander. He was awarded the Silver Star and Presidential Unit Citation.

After World War II, he was a law clerk in the United States Court of Appeals. The United States Supreme Court appointed David Berger a member of the committee to draft the Federal Rules of Evidence, the basic evidentiary rules employed in federal courts throughout the United States. David Berger was a fellow of the American College of Trial Lawyers, the International Society of Barristers, and the International Academy of Trial Lawyers, of which he was a former Dean. He was a Life Member of the Judicial Conference of the Third Circuit and the American Law Institute.

A former Chancellor (President) of the Philadelphia Bar Association, he served on numerous committees of the American Bar Association and was a lecturer and author on various legal subjects, particularly in the areas of antitrust, securities litigation, and evidence.

David Berger served as a member of President John F. Kennedy's committee which designed high speed rail lines between Washington and Boston. He drafted and activated legislation in the Congress of the United States which resulted in the use of federal funds to assure the continuance of freight and passenger lines throughout the United States. When the merger of the Pennsylvania Railroad and the New York Central Railroad, which created the Penn Central Transportation Company, crashed into Chapter 11, David Berger was counsel for Penn Central and a proponent of its reorganization. Through this work, Mr. Berger ensured the survival of the major railroads in the Northeastern section of the United States including Penn Central, New Jersey Central, and others.

Mr. Berger's private practice included clients in London, Paris, Dusseldorf, as well as in Philadelphia, Washington, New York City, Florida, and other parts of the United States. David Berger instituted the first class action in the antitrust field, and for over 30 years he and the Berger firm were lead counsel and/or co-lead counsel in countless class actions brought to successful conclusions, including antitrust, securities, toxic tort and other cases. He served as one of the chief counsel in the litigation surrounding the demise of Drexel Burnham Lambert, in which over $2.6 billion was recovered for various violations of the securities laws during the 1980s. The recoveries benefitted such federal entities as the FDIC and RTC, as well as thousands of victimized investors.

In addition, Mr. Berger was principal counsel in a case regarding the Three Mile Island accident near Harrisburg, Pennsylvania, achieving the first legal recovery of millions of dollars for economic harm caused by the nation's most serious nuclear accident. As part of the award in the case, David Berger established a committee of internationally renowned scientists to determine the effects on human beings of emissions of low level radiation.

In addition, as lead counsel in *In re Asbestos School Litigation*, he brought about settlement of this long and vigorously fought action spanning over 13 years for an amount in excess of $200 million.

David Berger was active in Democratic politics.  President Clinton appointed David Berger a member of the United States Holocaust Memorial Council, in which capacity he served from 1994-2004.  In addition to his having served for seven years as the chief legal officer of Philadelphia, he was a candidate for District Attorney of Philadelphia, and was a Carter delegate in the Convention which nominated President Carter.

Over his lengthy career David Berger was prominent in a great many philanthropic and charitable enterprises some of which are as follows:  He was the Chairman of the David Berger Foundation and a long time honorary member of the National Commission of the Anti-Defamation League. He was on the Board of the Jewish Federation of Philadelphia and, at his last place of residence, Palm Beach, as Honorary Chairman of the American Heart Association, Trustee of the American Cancer Society, a member of the Board of Directors of the American Red Cross, and active in the Jewish Federation of Palm Beach County.

David Berger's principal hobby was tennis, a sport in which he competed for over 60 years.  He was a member of the Board of Directors of the International Tennis Hall of Fame and other related organizations for assisting young people in tennis on a world-wide basis.

## Firm Chair

### Eric L. Cramer – Chairman

Mr. Cramer is Firm Chairman and Co-Chair of the Firm's antitrust department. He has a national practice in the field of complex litigation, primarily in the area of antitrust class actions. He is currently co-lead counsel in multiple significant antitrust class actions across the country in a variety of industries and is responsible for winning numerous significant settlements for his clients totaling well over $2 billion. Most recently, he has focused on representing workers claiming that anticompetitive practices have suppressed their pay, including cases on behalf of mixed-martial-arts fighters and chicken growers.

In 2018, he was named Philadelphia antitrust "Lawyer of the Year" by *Best Lawyers*, and in 2017, he won the American Antitrust Institute's Antitrust Enforcement Award for Outstanding Antitrust Litigation Achievement in Private Law Practice for his work in *Castro v. Sanofi Pasteur Inc.*, No. 11-cv-07178 (D.N.J.). He has also identified as a top tier antitrust lawyer by *Chambers & Partners* in Pennsylvania and nationally. *Chambers* observed that Mr. Cramer is "really a tremendous advocate in the courtroom, with a very good mind and presence." He has been highlighted annually since 2011 by *The Legal 500* as one of the country's top lawyers in the field of complex antitrust litigation, and repeatedly deemed one of the "Best Lawyers in America," including in 2018. In 2014 and 2018, Mr. Cramer was selected by *Philadelphia Magazine* as one of the top 100 lawyers in Philadelphia.

Mr. Cramer is also a frequent speaker at antitrust and litigation related conferences. He was the only Plaintiffs' lawyer selected to serve on the American Bar Association's Antitrust Section Transition Report Task Force delivered to the incoming Obama Administration in 2012. He is a

Senior Fellow and Vice President of the Board of Directors of the American Antitrust Institute; a past President of COSAL (Committee to Support the Antitrust Laws), a leading industry group; a member of the Advisory Board of the Institute of Consumer Antitrust Studies of the Loyola University Chicago School of Law; and a member of the Board of Directors of Public Justice, a national public interest law firm.

He has written widely in the fields of class certification and antitrust law. Among other writings, Mr. Cramer has co-authored *Antitrust, Class Certification, and the Politics of Procedure*, 17 George Mason Law Review 4 (2010), which was cited by both the First Circuit in *In re Nexium Antitrust Litig.*, 777 F.3d 9, 27 (1st Cir. 2015), *quoting* Davis & Cramer, 17 Geo. Mason L. Rev. 969, 984-85 (2010), and the Third Circuit in *Behrend v. Comcast Corp.*, 655 F.3d 182, 200, n.10 (3d Cir. 2011), *rev'd on other grounds*, 133 S. Ct. 1426 (2013). He has also co-written a number of other pieces, including: *Of Vulnerable Monopolists?: Questionable Innovation in the Standard for Class Certification in Antitrust Cases*, 41 Rutgers Law Journal 355 (2009-2010); *A Questionable New Standard for Class Certification in Antitrust Cases*, published in the ABA's Antitrust Magazine, Vol. 26, No. 1 (Fall 2011); a Chapter of American Antitrust Institute's Private International Enforcement Handbook (2010), entitled "*Who May Pursue a Private Claim?*"; and, a chapter of the American Bar Association's Pharmaceutical Industry Handbook (July 2009), entitled "Assessing Market Power in the Prescription Pharmaceutical Industry."

Mr. Cramer is a *summa cum laude* graduate of Princeton University (1989), where he was elected to *Phi Beta Kappa*. He graduated *cum laude* from Harvard Law School with a J.D. in 1993.

### Attorneys in Berger Montague's Employment and Unpaid Wages Department

**Shanon J. Carson – Managing Shareholder**

Shanon J. Carson is a Managing Shareholder of the Firm. He Co-Chairs the Employment & Unpaid Wages, Consumer Protection, Defective Products, and Defective Drugs and Medical Devices Departments and is a member of the Firm's Commercial Litigation, Employee Benefits & ERISA, Environment & Public Health, Insurance Fraud, Predatory Lending and Borrowers' Rights, and Technology, Privacy & Data Breach Departments.

Mr. Carson has achieved the highest peer-review rating, "AV," in Martindale-Hubbell, and has received honors and awards from numerous publications. In 2009, Mr. Carson was selected as one of 30 "Lawyers on the Fast Track" in Pennsylvania under the age of 40. In both 2015 and 2016, Mr. Carson was selected as one of the top 100 lawyers in Pennsylvania, as reported by Thomson Reuters. In 2018, Mr. Carson was named to the *Philadelphia Business Journal*'s "2018 Best of the Bar: Philadelphia's Top Lawyers."

Mr. Carson is often retained to represent plaintiffs in employment cases, wage and hour cases for minimum wage violations and unpaid overtime, ERISA cases, consumer cases, insurance cases, construction cases, automobile defect cases, defective drug and medical device cases, product liability cases, breach of contract cases, invasion of privacy cases, false advertising cases, excessive fee cases, and cases involving the violation of state and federal statutes. Mr. Carson represents plaintiffs in all types of litigation including class actions, collective actions,

multiple plaintiff litigations, and single plaintiff litigation. Mr. Carson is regularly appointed by federal courts to serve as lead counsel and on executive committees in class actions and mass torts.

Mr. Carson is frequently asked to speak at continuing legal education seminars and other engagements and is active in nonprofit and professional organizations. Mr. Carson currently serves on the Board of Directors of the Philadelphia Trial Lawyers Association (PTLA) and as a Co-Chair of the PTLA Class Action/Mass Tort Committee. Mr. Carson is also a member of the American Association for Justice, the American Bar Foundation, Litigation Counsel of America, the National Trial Lawyers - Top 100, and the Pennsylvania Association for Justice.

While attending the Dickinson School of Law of the Pennsylvania State University, Mr. Carson was senior editor of the Dickinson Law Review and clerked for a U.S. District Court Judge. Mr. Carson currently serves on the Board of Trustees of the Dickinson School of Law of the Pennsylvania State University.

**Sarah R. Schalman-Bergen – Shareholder**
Sarah R. Schalman-Bergen is a Shareholder at the Firm. She Co-Chairs the Firm's Employment and Unpaid Wages Department and is a member of the Firm's Antitrust, Insurance Products & Financial Services, and Lending Practices & Borrowers' Rights Departments. She is also a member of the Firm's Hiring Committee, Associate Development Committee and Pro Bono Committee.

Ms. Schalman-Bergen represents employees who are not being paid properly in class and collective action wage and hour employment cases as well as in class action discrimination cases across the country. Specifically, Ms. Schalman-Bergen has served as lead counsel in dozens of wage theft lawsuits, representing employees in a variety of industries, including at meat and poultry plants, at fast food restaurants, in the oil and gas industry, in white collar jobs and in the government.

Ms. Schalman-Bergen also serves as counsel to employees, consumers and businesses in antitrust cases, including representing the employees of several high tech companies who alleged that the companies entered into "do not poach" agreements that illegally suppressed employees' wages. Ms. Schalman-Bergen has represented homeowners whose mortgage loan servicers have force-placed extraordinarily high-priced insurance on them. She currently represents several cities in lawsuits against major banks for allegedly discriminatory practices in violation of the Fair Housing Act.

Ms. Schalman-Bergen is frequently asked to speak on continuing legal education seminars that relate to employment issues.  In 2015, Ms. Schalman-Bergen was honored as a "Lawyer on the Fast Track" by The Legal Intelligencer. Ms. Schalman-Bergen was 1 of 40 attorneys selected by a six-member judging panel composed of evaluators from all corners of the legal profession and

Pennsylvania. From 2010 through 2019, Ms. Schalman-Bergen was named as a Pennsylvania Super Lawyer- Rising Star. In 2010, Ms. Schalman-Bergen was honored as an "Unsung Hero" by the Legal Intelligencer, Pennsylvania's daily law journal, for her pro bono work with the AIDS Law Project of Pennsylvania. From 2007-2009 Ms. Schalman-Bergen served as the Jerome J. Shestack Public Interest Fellow at WolfBlock LLP.

Ms. Schalman-Bergen maintains an active pro bono practice. She serves as volunteer of counsel to the AIDS Law Project of Pennsylvania. Through her role there, Ms. Schalman-Bergen litigates HIV discrimination and confidentiality cases, as well as other cases impacting the rights of people living with HIV/AIDS.

Prior to joining the Firm, Ms. Schalman-Bergen practiced in the litigation department at a large Philadelphia firm where she represented clients in a variety of industries in complex commercial litigation.

Ms. Schalman-Bergen is a 2007 *cum laude* graduate of Harvard Law School and a 2001 *summa cum laude* graduate of Tufts University.  During law school, Ms. Schalman-Bergen served as an executive editor for the Harvard Civil Rights-Civil Liberties Law Review.


**Phyllis Maza Parker – Shareholder**

Phyllis Maza Parker, a Shareholder, concentrates her practice primarily on complex securities class action litigation, representing both individual and institutional investors.  Her practice also includes commercial litigation.

Ms. Parker served on the team as co-lead counsel for the Class in *In re Xcel Energy, Inc. Securities Litigation* (D. Minn.). The case, which settled for $80 million, was listed among the 100 largest securities class action settlements in the United States since the enactment of the 1933-1934 Securities Acts. Among other cases, she has also served as co-lead counsel in *In re Reliance Group Holdings, Inc. Securities Litigation* ($15 million settlement); *In re The Loewen Group, Inc. Securities Litigation* ($6 million settlement); as lead counsel in *In re Veeco Instruments Inc. Securities Litigation* ($5.5 million settlement on the eve of trial); as co-lead counsel in *In re Nuvelo, Inc. Securities Litigation* ($8.9 million settlement); and, most recently, as co-lead counsel in *Coady v. Perry, et al.* (IndyMac Bancorp, Inc.) ($6.5 million settlement).

While studying for her J.D. at Temple, Ms. Parker was a member of the Temple Law Review. She published a Note on the subject of the Federal Sentencing Guidelines in the Temple Law Review, Vol. 67, No. 4, 1994, which has been cited by a court and in a law review article. After her first year of law school, Ms. Parker interned with the Honorable Dolores K. Sloviter of the United States Court of Appeals for the Third Circuit.

Ms. Parker is fluent in Hebrew and French.

**Camille Fundora Rodriguez – Associate**

Ms. Rodriguez is an Associate in the Firm's Employment Law, Consumer Protection, and Lending Practices & Borrowers' Rights practice groups. Ms. Rodriguez primarily focuses on wage and hour class and collective actions arising under the Fair Labor Standards Act and state laws.

Prior to joining the Firm, Ms. Rodriguez practiced in the litigation department at a boutique Philadelphia law firm where she represented clients in a variety of personal injury, disability, and employment discrimination matters. Ms. Rodriguez is a graduate of Widener University School of Law.

Ms. Rodriguez is an active member of the Pennsylvania, Philadelphia, and Hispanic Bar Associations.

**Krysten Connon – Associate**

Ms. Connon is an Associate in the Firm's Employment & Unpaid Wages practice group. She represents employees who are not being paid properly in class and collective actions arising under the Fair Labor Standards Act and state laws.

Prior to joining the Firm, Ms. Connon practiced as a litigation associate at a large Philadelphia firm, where she represented corporate and individual clients in complex commercial litigation and arbitration matters. Ms. Connon also worked as a Staff Attorney at Women Against Abuse, where she litigated cases originating as domestic violence matters.

Ms. Connon graduated *summa cum laude* from the Drexel University School of Law, and is a Phi Beta Kappa graduate of the University of Maryland. Following law school, Ms. Connon served as a federal judicial law clerk in the United States District Court for the District of New Jersey and the United States District Court for the District of Columbia. She co-authored the 2015 Oxford University Press book, *Living in the Crosshairs: The Untold Stories of Anti-Abortion Terrorism*, which presents the results of extensive interviews with abortion providers around the intersections of law, policy, and anti-abortion violence. Ms. Connon currently serves on the Board of Directors of Planned Parenthood Southeastern Pennsylvania.

**Alexandra Koropey Piazza – Associate**

Alexandra Koropey Piazza, an Associate, is a member of the Firm's Employment Law, Consumer Protection and Lending Practices & Borrowers' Rights practice groups.  In the Employment Law practice group, Ms. Piazza primarily focuses on wage and hour class and collective actions arising under state and federal law.  Ms. Piazza's work in the Consumer Protection and Lending Practices & Borrowers' Rights practice groups involves consumer class actions concerning financial practices.

Ms. Piazza is a graduate of the University of Pennsylvania and Villanova University School of Law.  During law school, Ms. Piazza served as a managing editor of the Villanova Sports and Entertainment Law Journal and as president of the Labor and Employment Law Society.  Ms. Piazza also interned at the United States Attorney's Office and served as a summer law clerk for the Honorable Eduardo C. Robreno of the United States District Court for the Eastern District of Pennsylvania.

**Michaela Wallin – Associate**

Michaela Wallin is an Associate in the Antitrust and Employment Law practice groups.  Ms. Wallin's work in the Antitrust group involves complex class actions, including those alleging that pharmaceutical manufacturers have wrongfully kept less expensive drugs off the market, in violation of the antitrust laws.  In the Employment Law Group, Ms. Wallin focuses on wage and hour class and collective actions arising under federal and state law.

Prior to joining the Firm, Ms. Wallin served as a law clerk for the Honorable James L. Cott of the United States District Court of the Southern District of New York.  She also completed an Equal Justice Works Fellowship at the ACLU Women's Rights Project, where she worked to challenge local laws that target domestic violence survivors for eviction and impede tenants' ability to call the police.

Ms. Wallin is a graduate of Columbia Law School, where she was a Harlan Fiske Stone Scholar.  Ms. Wallin graduated *magna cum laude* from Bowdoin College, where she was Phi Beta Kappa and a Sarah and James Bowdoin Scholar.