IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYHEE HICKMAN, SHANAY BOLDEN, and O'DONALD HENRY, individually and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TL TRANSPORTATION, LLC, SCOTT FOREMAN, HERSCHEL LOWE, AMAZON.COM, LLC, and AMAZON LOGISTICS, INC.<br><br>Defendants. | Civil Action No.: 2:17-cv-01038-GAM |

## DECLARATION OF RYAN ALLEN HANCOCK

I, Ryan Allen Hancock, declare that the following information is true and correct to the best of my knowledge, information, and belief:

1. I am Plaintiffs' counsel of record and putative class counsel in the above-captioned lawsuit.

2. For more than nine years, I was the Assistant Chief Counsel for the Pennsylvania Human Relations Commission, for the Commonwealth of Pennsylvania's Civil Rights Enforcement Agency. I am currently a partner and Chair of the Employment Law Department of Willig, Williams & Davidson located at 1845 Walnut Street, 24th Floor Philadelphia, PA 19103. Throughout my career, I have focused on representing individuals (or groups of individuals) in litigation related to their employment. I have represented employees in hundreds of administrative claims and lawsuits in state and federal district court, including wage-and-hour cases involving allegations of off-the-clock work and unpaid overtime compensation.

1

3. I am licensed in good standing to practice in all state courts in the Commonwealth of Pennsylvania, the State of New York, United States District Court for the Eastern District of Pennsylvania, the United States Court of Appeals for the Third Circuit and United States District Court for the Northern District of Illinois. I have never been sanctioned, disciplined, or otherwise admonished by any bar organization. I have never been denied *pro hac vice* admission in any court, nor has any court revoked my *pro hac vice* admission. No court has ever refused to certify (or conditionally certify) a class or collective action based on my inadequacy as class counsel.

4. The majority of my practice is devoted to employment law, which includes wage-and-hour litigation. I have litigated against companies in almost every industry, and I have litigated against many of the preeminent defense firms in the area of employment litigation. Further, I have served as class counsel in class-action wage-and-hour lawsuits, including *Dale Ramtour v. Brendan Stanton, Inc.*, Case No. 2:15-cv-04941 (E.D. of Pennsylvania); *Douglas Salomone, et al. v. Urge Productions, LLC and Aaron Kaufman*, Index No. 651220/2015 (N.Y. Sup. Ct.); *David Johnson, et al. v. Ronak Foods, LLC, et al.*, Case No. 001090 (Ct. of Com. Pl. of Philadelphia Cnty.); *Maria Devlin et al. v. Ferrandino & Son, Inc.*, Case No. 2:15-v-04976 (E.D. Pa.); *Hector Ayala Herrera et al. v. Rolling Green Landscape and Design, Inc. et al.*, Case No. 2:17-cv-03176 (E.D. Pa.); *Shasay Morgan et al. v. RCL Management, Inc., et al.*, Case No. 2:18-cv-00800 (E.D. Pa.); *Tyhee Hickman et al. v. TL Transportation, LLC et al.*, Case No. 2:17-cv-01038 (E.D. Pa.); *Frederich Green et al. v. Amazon.com, LLC, et al.*, Case No. 1:18-cv-1032 (M.D. S.C.); *Gaines v. Amazon.com, LLC, et al.*, Case No. 1:19-cv-00528 (N.D. Ga.); *Priestley Faucett v. Amazon.com, LLC, et al.*, Case No. 1:18-cv-08066 (N.D. Ill.); *Heather Gongaware v. Amazon.com, LLC, et al.* Case No. 1:18-cv-08358 (N.D. Ill.); *Andrea Thomas et al. v. JSTC, LLC,*

Case No. 6:19-cv-01528 (M.D. Fl.); and *Christopher Johnson, et al. v. Trinity Couriers, Inc., et al.* Case No. 1:19-cv-686 (S.D. Ohio).

5. Over my career, I have presented at Pennsylvania Bar Institute CLE seminars on wage-and-hour litigation, and violations of the Pennsylvania Minimum Wage Act, Fair Labor Standards Act, and Pennsylvania Wage Payment and Collection Law.

6. I have also been retained to author an expert report on federal and state wage and hour issues related to minimum wage and overtime in the matter of *Samuel Berg v. Canadian Hockey League, et al.*, Case No. CV-14-514423 (Ontario Superior Court of Justice) and *Lukas Walter v. Canadian Hockey League, et al.*, Case No. CV-1401-11912 (Court of Queen's Bench of Alberta).

7. I, with my co-counsel, have overseen this litigation against the Defendants since its inception.

8. I have read the declaration of Sarah Schalman-Bergen, to be submitted in support of Plaintiffs' Unopposed Motion for Preliminary Approval of the Settlement Agreement in this action, and I confirm that Ms. Schalman-Bergen's description of the litigation and negotiation leading to the Settlement Agreement is true and correct.

9. I am firmly convinced that the negotiated Settlement Agreement provides an excellent settlement for the Plaintiffs and the Settlement Class, with respect to their claims for unpaid overtime wages resulting from the TL Defendants' violations of the FLSA and related state law, and is a fair and reasonable resolution of this litigation.

10. Based on my experience litigating this lawsuit and many similar cases, I believe that the negotiated settlement reached during the mediation is in the best interests of the Plaintiffs and members of the putative class, and I believe the Court should approve the Parties' agreement.

11. Moreover, the proposed incentive awards are justified by the benefits that Plaintiffs' diligent efforts have brought to the Settlement Class Members. Plaintiffs took the significant risk of coming forward to represent the interests of their fellow employees. They worked with Class Counsel, providing background information about their employment, about Defendant's policies and practices, and about the allegations in this lawsuit. Plaintiff Hickman attended two of the mediation sessions. These individuals work in an industry in which workers are largely fungible, and they bravely took the risk to step forward on behalf of their fellow workers, knowing that their name would be a on a public docket available through an internet search, and knowing that prospective employers might take their participation in such a lawsuit in consideration when making hiring decisions. They risked their reputation in the community and in her field of employment in order to participate in this case on behalf of the Class. The lesser service award allotted to Plaintiff Henry simply reflects the shorter length of time that he has served as a Named Plaintiff in this case, which began with Plaintiffs' filing of the Third Amended Complaint on September 16, 2019.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 16, 2019

_____
Ryan Allen Hancock