IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYHEE HICKMAN, SHANAY BOLDEN, and O'DONALD HENRY, individually and on behalf of all persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TL TRANSPORTATION, LLC, SCOTT FOREMAN, HERSCHEL LOWE, AMAZON.COM, LLC, and AMAZON LOGISTICS, INC., <br><br> Defendants. | Civil Action No. 2:17-cv-01038-GAM <br><br> Class and Collective Action |

ORDER GRANTING
FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

AND NOW, this _18TH_ day of _February_, 2020, upon consideration of Plaintiffs' Unopposed Motion for Final Approval of the Settlement, the Court grants the Motion and ORDERS as follows:

1. The Parties' Settlement Agreement is finally approved as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e), and a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act;

2. For settlement purposes, the Court finally certifies the following Settlement Class as a collective pursuant to 29 U.S.C. § 216(b):

    All current and former Delivery Associates who were employed by TL Transportation, LLC to deliver packages to Amazon customers in the United States between March 8, 2014 and April 15, 2017.

3. For settlement purposes, the Court finally certifies the following Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

> All current and former Delivery Associates who were employed by TL Transportation, LLC to deliver packages to Amazon customers in Pennsylvania, Maryland and New Jersey between March 8, 2014 and April 15, 2017.

4. For settlement purposes, the Court finds that the requisites for establishing class certification pursuant to Fed. R. Civ. P. 23(a) and (b)(3) with respect to the Settlement Class Members have been and are met, with respect to numerosity, commonality, typicality, and adequacy, and finds that questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The Court further finds that the proposed Settlement Class is similarly situated such that certification of a collective is appropriate under 29 U.S.C. § 216(b).

5. Plaintiffs Tyhee Hickman, Shanay Bolden, and O'Donald Henry are finally approved as Representatives of the Settlement Class, and the proposed service awards in the amount of $15,000 to Plaintiff Tyhee Hickman, $15,000 to Plaintiff Shanay Bolden, and $2,500 to Plaintiff O'Donald Henry for their service to the Class and in exchange for their additional released claims in favor of Defendants are approved;

6. The Angeion Group is finally approved as Settlement Administrator and the costs of settlement administration are approved not to exceed $25,000;

7. Berger Montague PC and Willig, Williams, & Davidson are finally approved as Class Counsel for the Settlement Class;

8. Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees and Costs (Dkt. No. 128) is granted, and payment of attorneys' fees in the amount of $600,000.00 and costs in the amount not to exceed $40,000.00 are finally approved;

9. Philadelphia Legal Assistance is finally approved as the *cy pres* recipient;

10. Kenneth D. Flick, who filed a valid and timely request for exclusion, is hereby excluded from the Settlement and is not bound by this Final Approval Order;

11. The Court hereby enters final judgment in this case and dismisses it with prejudice in accordance with the terms of the Settlement Agreement. There being no reason to delay entry of this Final Judgment, the Clerk of the Court is ordered to enter this Final Judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

12. Without affecting the finality of this Final Judgment in any way, the Court reserves exclusive and continuing jurisdiction over this action, the named Plaintiffs, the certified classes, and Defendants for purposes of supervising the implementation and enforcement of the Settlement Agreement, this Order, and all settlement administration matters.

BY THE COURT,

_____
Honorable Gerald A. McHugh
United States District Judge